**TIPPS et al. v. FERGUSON. (No. 2330.)**

(Court of Civil Appeals of Texas. Amarillo. May 7, 1924. Rehearing Denied June 18, 1924.)

**1. Fraud ⚛️12—Promise not intended to be fulfilled actionable.**

Where representations were in nature of promises, known to be false and without intention of being fulfilled, made with intent to deceive and that other party should act on them, they are actionable as for fraudulent misrepresentation of existing fact.

**2. Principal and agent ⚛️156—Agent making representations knowing them to be false, liable personally.**

Where agent makes representations, knowing them to be false and at time of making intending to deceive plaintiff and cause him to make contract to his injury, he is liable personally as well as his principal.

**3. Principal and agent ⚛️156—Agent exceeding authority and making false representation without knowledge of principal is liable.**

If agent exceeds authority and makes false representations with intention to induce party to enter contract and they do induce him to enter it to his injury, and were made without principal's authority, agent is liable, even if representations were made in good faith.

**4. Sales ⚛️426—Failure to return defective goods held not to bar action for deceit.**

As respects purchase of automobile tire tubes guaranteed puncture proof, the contract remedy of returning defective or punctured tubes and receiving new ones instead was exclusive of other remedies, such as action for deceit, only if defects existed in a few of the tubes; and plaintiff was not required to continue returning defective tubes in order to receive tubes of the same kind.

Appeal from District Court, Wichita County; W. L. Scott, Special Judge.

Action by J. W. Ferguson against C. H. Tipps and others. From judgment overrul-

ing plea of privilege of defendant named and another, they appeal. Affirmed.

Hoover, Hoover & Willis, of Canadian, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

RANDOLPH, J. This suit was filed by appellee, as plaintiff, against appellants and others as defendants, to recover damages for false representations made by defendants in inducing plaintiff to sign a certain contract and pay out certain moneys upon such contract; the suit being against the principal defendants and against J. C. Thigpin and C. H. Tipps as agents. Thigpin and Tipps interposed their plea of privilege to be sued in the district court of Hemphill county, the county of their residence. The plaintiff filed his contest of this plea, and appellants filed their answer to such contest, and upon the issues thus joined the trial court heard evidence, and upon such hearing rendered judgment overruling the plea of privilege. Defendants Thigpin and Tipps thereupon perfected their appeal from said order overruling said plea of privilege to this court.

It is clear that the appellants resided in Hemphill county, and the question here to be decided is whether or not the petition charged and the evidence established such fraudulent representations upon the part of Thigpin and Tipps, as such agents, as to constitute an exception to the exclusive venue in Hemphill county and investing jurisdiction in the district court of Wichita county.

The appellants present to us the following grounds of attack on the trial court's judgment overruling their plea of privilege, to wit: That the pleadings and evidence are insufficient to fix venue in Wichita county; and to enable a suit to be maintained in a county other than the county of the residence of the defendant, it is necessary to allege and show that the defendants committed a fraud in the county in which the suit is pending and state that plaintiff has the burden of proving, not only that the fraud was committed, but also that it was committed in the county where such suit was filed; that allegations and proof of a guaranty, contractual in its nature, consisting of future promises to be performed, which did not amount to misrepresentation of an existing fact, do not discharge the burden laid upon the plaintiff by the statute; that in order to sustain an action for fraud based upon the promises of things to be done in the future, the proof must show that the promisor did not at the time of making such promises intend to perform them and that this is not shown by merely proving that the promises were not performed; that to hold agents liable for fraud and deceit it must be alleged and proved that they made the statements which they knew to be false and with intent to deceive; that where plaintiff admitted certain future promises, which he claimed were fraudulently made, were based upon a condition precedent, the failure on the part of plaintiff to perform the condition precedent, such evidence is insufficient to sustain the proposition that fraud was committed.

We quote from the plaintiff's petition upon the allegations covering fraud and in order to make clear certain other matters, as follows:

"Now comes J. W. Ferguson, hereinafter styled plaintiff, who resides in Wichita county, Tex., complaining of the Standard Rubber Company, a Delaware corporation, doing business in this state under the name of Standard Rubber Finance Company, J. C. Thigpin, agent, J. C. Thigpin and C. H. Tipps, who reside in Hemphill county, Tex., and J. C. Thigpin and C. H. Tipps as partners, doing business under the trade-name of Standard Rubber Finance Company, hereinafter styled defendants, and for cause of action plaintiff would represent to the court that on or about the 8th day of December, 1922, plaintiff entered into two contracts purporting to be the contracts of Standard Rubber Company, but which were in fact signed by Standard Rubber Finance Company, by J. C. Thigpin, a copy of which two contracts are hereto attached, marked Exhibits 'A' and 'B,' respectively, and are here referred to for the full contents and conditions as they are therein set forth and expressed in said contracts. That said contract Exhibit A applies to Wichita county, and contract Exhibit B applies to Clay county, Tex. Plaintiff alleges that defendants and each of them was guilty of fraud in the procuring of said contracts and were guilty of such fraud as would and will entitle plaintiff to a cancellation thereof, and for a judgment for his money paid thereunder, and for damages, in this, to wit: Defendants Thigpin and Tipps, acting as agents for and on behalf of both themselves and the other defendants named herein, approached plaintiff to sell him the right for the two named counties above to sell on the terms and conditions as set forth in Exhibits A and B puncture proof tubes used in automobiles casing, as is more fully shown by said exhibits.

"That said Thigpin and Tipps each represented that out of thousands of said tubes theretofore sold there had never been a puncture of a 'standard self-seal inner tube,' the brand and kind of tubes that they were selling the plaintiff the right to sell. That said tubes could not and would not puncture, and to demonstrate that fact defendants carried a sample or samples of tubes purported to be the same kind that would be furnished to this plaintiff to sell. That in said tubes that they carried defendant drove dozens of nails, and when the nails were withdrawn the holes would close up so that no air pores escaped and there was no puncture. Defendants represented that every tube manufactured and sold by them was of the same kind and character as the said samples, and could not and would not puncture, and that for the money that plaintiff paid for his right to sell this tube they would furnish

him only such tubes as were absolutely puncture proof.

"Said defendants further represented that they had a factory of their own which cost $500,000, and that they were a great organization and an established business with warehouses and distributing points established throughout the United States, and that their reputations and trade-name was worth much and was and would be a material asset in selling and disposing of their wares, as provided in said contract. Plaintiff further alleges that said Thigpin and Tipps represented as strong as language could make it that said tubes that were to be furnished him would not puncture, and that if there should ever happen to be a tube defective so that it might puncture, which would not likely ever happen, that they and their companies and each of said defendants would guarantee and warrant said tubes and would without question furnish such customers that had or obtained such defective tubes with a new one immediately to take its place, but assured plaintiff in this connection that there could be no puncture unless there was some defect in the manufacture of the tube, which would seldom or never occur.

"Plaintiff further avers that said defendants represented that because of the dependability of said tubes, and because that with said tubes punctures would be unknown, and by reason of the class and kind of such tubes which defendants would supply plaintiff, plaintiff could and would build for himself a lucrative business; the discounts to him being as set out in said exhibits hereto attached. Plaintiff avers that each and all of the allegations set out were made to him with the purpose and intent that he should act thereon, and be deceived thereby, and purchase said contracts at the consideration named therein, and that he purchased tubes as hereinafter set out, to his damage in the sum hereinafter named, and plaintiff avers that each of said matters as pleaded was an inducing cause for plaintiff to enter into these contracts and were material causes in his entering into said contracts. Plaintiff further avers that each and all of the matters above set forth and representations that were made, as pleaded above, were wholly false and untrue, and were known to be false when made, and were made, as alleged, for the purpose of inducing plaintiff to enter into said contracts, to his damage, and plaintiff avers that the representations made, as alleged above, to his being able to build a lucrative business, were made with full knowledge that it could not be done, and without any intention on defendants' part to furnish such tubes as would enable plaintiff to sell sufficient to obtain the amount paid for his contracts through profits from sales, and with no intention to furnish such tubes as would enable plaintiff to build up a paying business of any kind.

"Plaintiff says that in truth and in fact of the first 35 tubes sold he had 6 bad punctures in about one week's time, which plaintiff alleges to be as great a rate of punctures as with any ordinary tube, while for the tubes defendant furnished plaintiff was required to sell at about double the cost of an ordinary tube of a similar size. Plaintiff further says that he relied on all of said representations, that they were material and induced plaintiff to enter into said contracts."

While the evidence taken on the hearing in the trial court is conflicting, yet there is evidence that substantially sustains the allegations of the petition. Hence we will not discuss the facts. This being true, we take it that the only questions for us to decide upon the question of fraud are: Does the proof disclose that the representations were made in Wichita county? And were the statements made in the nature of guaranties or were they such promises as to future performance that they would not be actionable? The evidence is conclusive that if there was fraud it was committed in Wichita county, and we will not further discuss this proposition.

Associate Justice Greenwood, in the case of Edward Thompson Co. v. Sawyers, 111 Tex. 378, 234 S. W. 874, lays down the following rule:

"Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts. Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations."

[1] If the contract can be avoided upon such ground, it naturally follows that the consideration paid for such contract can be recovered in a suit by the party damaged in an action in the nature of an action for deceit, as well as such damages as have been suffered by such party. Russell v. Industrial Transportation Co. (Tex. Com. App.) 251 S. W. 1037, affirmed by the Supreme Court in 258 S. W. 462.

The representations alleged to have been made in the Russell Case, supra, as in this case, were claimed not to be representations of an existing fact, and it is also claimed that such representations were promises as to future performance, and hence the parties making them were not liable in damages. Under authority of that case, we hold that where such representations were in the nature of promises known to be false and without intention of being fulfilled, made with intent to deceive, and with the intention that the other party should act upon them, that such promises are actionable as for fraudulent misrepresentation of an existing fact, and the trial court, under the evidence, having so found, we will not disturb the judgment upon this issue.

[2, 3] The issue having been made as to the knowledge on the part of Thigpin and Tipps of the falsity of the statements made by them, and the trial court having found against them upon such issue, we hold that where the agent makes representations knowing such representations to be false, and at the time of making same intending to deceive plaintiff and causing him to make the contract to his injury, they are liable personally as well as the defendant company.

Certainly the rule is that if the agent exceeds authority and makes representations which are false and which he makes with the intention of inducing a party to enter into a contract, and such representations to induce the party to enter into the contract to his injury, and such representations are made without authority of the principal, the agent is liable. And this, too, even if made in good faith, if the representations are false, and are made without authority. 2 C. J. p. 804; 21 R. C. L. p. 914, § 93.

[4] The error assigned as having been committed by the trial court in rendering judgment, overruling the plea of privilege, that the condition precedent for the return of the tires not being performed by the plaintiff estopped the plaintiff from recovering in this suit, is not correct, as we view it. If the plaintiff agreed that in certain contingencies to return the defective or punctured tubes and receive new ones instead, it would be upon the theory that such defects existed in only a few of the tires, but the plaintiff was not required to continue returning tires that would not stand up under the test of use in order to receive tires of the same kind, especially where the company from whom he was to receive them informed him that they were not responsible for anything but the workmanship and material. A man receiving a bad check might as well be compelled to receive another bad check in payment instead of money.

The proposition raising the question of venue attempted to be fixed by the suit against the corporation defendant, and the alleged failure of service on said corporation, in our view become immaterial here. The corporation does not appeal, and as we hold that the representations were made in Wichita county and that the trial court did not err in its judgment holding the defendants Thigpin and Tipps personally, we overrule the same.

All other assignments not passed on above present immaterial issues and are hereby overruled.

We affirm the judgment of the trial court.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes