**MERCER et al. v. WILEY et al.**

No. 2973.

Court of Civil Appeals of Texas.
Eastland.

Nov. 14, 1952.

Hill & Paddock, Ft. Worth, for appellants.

Ash, Acklen & Abbott, Abilene, for appellees.

GRISSOM, Chief Justice.

Mrs. Lennie Elvy Wiley, a widow, for herself and as next friend of Ronald Wiley, her minor son, and Inez Wiley and M. T. Wiley, Jr., heirs of M. T. Wiley, deceased, sued Herman Moen of California and Mrs. T. E. Mercer and others, partners in the firm of "T. E. Mercer Teaming & Trucking Contractor" of Tarrant County, Texas, for damages caused by the death of Mr. Wiley, for damage done to the automobile owned by M. T. Wiley, Jr., and for injuries suffered by the other plaintiffs in a collision between the Wiley automobile and a truck operated by an employee of the Mercer company and by the Wiley car being struck by Moen's car. Defendants, other than Moen, who will be referred to as the Mercers, filed a plea of privilege to be sued in Tarrant County, where they reside. The Wileys filed a controverting affidavit, alleging, among other things, that on September 3, 1950, Henry D. Welch, an employee of the Mercers, drove the Mercers' truck in excess of 45 miles per hour, in violation of Art. 827a, Section 8 of the Vernon's Annotated Penal Code; that Welch was guilty of the following acts of negligence; that he (1) operated the Mercer truck at a rate of speed in excess of 45 miles per hour; (2) failed to keep a proper lookout; and that, in the alternative (3) if he was keeping a proper lookout, he saw the Wiley automobile, as it was knocked into his line of traffic by Moen, in a perilous position and failed to use the means at hand, commensurate with the safety of himself and the Mercers' vehicle, to slow, stop or turn the truck, and avoid striking the Wileys.

The Wileys alleged that the act of Moen in striking the rear end of Wiley's automobile and knocking it onto its left hand

side of the road, and the acts of Mercers' driver, were each, of themselves and concurring with each other, negligence that caused, or contributed to cause, the collision between Wiley's car and the Mercers' truck, resulting in the death of M. T. Wiley, damage to the automobile of M. T. Wiley, Jr., and injury to the other plaintiffs and that the Mercers' driver, committed a crime and a trespass, within the meaning of Exception 9, Art. 1995, Vernon's Ann.Civ.St., in Stephens County.

The Wileys also alleged that the acts of the Mercers' driver, alone and in conjunction with the acts of Moen, caused the collision; that the suit was maintainable in Stephens County against Moen; that Moen and Welch were joint tort feasors and, therefore, the suit was maintainable under Exception 29a, Art. 1995, in Stephens County.

The court overruled the Mercers' plea of privilege and they have appealed.

Appellants' third point is that the Wileys' first amended petition, which was made a part of their controverting affidavit, does not show that any act for which the Mercers are responsible was a proximate cause of appellees' damages but, on the contrary, shows that they were not a proximate cause. In support of this contention, appellants call attention to said petition, wherein appellees alleged that Mrs. Wiley was driving West at 25 or 30 miles per hour; that at least two cars were preceding Mrs. Wiley in her line of traffic; that suddenly, and without warning, Moen drove his automobile into the rear of the Wiley car at an illegal rate of speed, knocking the Wiley car forward and onto its left side of the highway in a southerly direction, causing Mrs. Wiley to lose control of her automobile; that Mrs. Wiley had clear vision ahead "to the left of the vehicle immediately preceding her, for a distance of 100 to 150 feet, and that at the time the vehicle was struck from behind, the said Inez Wiley had observed no vehicle proceeding in an eastward direction down the south side of said highway and meeting the vehicle of the" Wileys "but that immediately upon being knocked into the left side of said highway, the occupants of the said Wiley vehicle observed a trucktractor and semi-trailer, which, when they observed same, was immediately upon said vehicle, and said truck struck the Wiley vehicle on the right front with violent force;" that immediately after the Mercers' truck hit the Wiley automobile the truck was traveling at such a high and illegal rate of speed that it proceeded into a southerly direction into the borrow pit for a distance of 192 feet, whereupon, it struck a telephone pole, snapping it in two and that the truck then continued into a plowed field a distance of 90 feet before it stopped.

The substance of appellants' contentions relative to its third point is that appellees, having alleged the Moen car knocked the Wiley car onto its left side of the highway in front of the Mercers' truck and that the Mercers' truck immediately collided with the Wiley automobile, show that the acts of the Mercers' driver were not a proximate cause of the collision, and that the formal allegation thereafter that the acts of the Mercers' driver were a proximate cause was insufficient for the pleadings to show that the acts of the Mercers' driver were a proximate cause of the collision. Our Supreme Court held, in Gann v. Murray, 246 S.W.2d 616, that it is not necessary that causal connection between a crime and injury be proved as a venue fact, but that, under exception 9, Art. 1995, such causal connection must be shown by the controverting affidavit. We think appellants are correct in their contention that if the facts alleged show that the acts of the Mercers' driver were not a proximate cause that it is not sufficient for the controverting affidavit to merely formally allege the conclusion, contrary to the facts alleged, that his acts were a proximate cause. Appellants conclude that the facts alleged show that the acts of the Mercers' driver were not a proximate cause. We think this is the necessary effect of appellees' allegation that Mrs. Wiley was driving west at 25 or 30 miles per hour; that Moen was driving behind her at a high and illegal rate of speed and was unable to stop or slow his car and drove into the rear end of her car with violent force, knocking her car forward and

to the left in front of the Mercers' truck; that Mrs. Wiley had a clear vision to the left of the car ahead of her for a distance of 100 to 150 feet just before Moen struck her and saw no vehicle approaching but that, immediately upon being struck by Moen and knocked forward and to her left side of the highway, she saw the Mercers' truck "immediately" upon her.

Appellees filed their first trial amendment March 22, 1952, in which they alleged the Mercers' truck driver was negligent because, when the Wiley automobile was struck by Moen, the Mercers' driver "was then and there a distance of at least 100 to 150 feet from the position of the Wiley car; that the Wiley car upon so being struck by the Moen car, was knocked forward and to its left and that said Wiley car traveled on the left side of said highway after being struck for a period of time in excess of 15 seconds and that said driver * * * observed or should have observed the car in which plaintiffs were riding as it was knocked to their left side of said highway and that said driver of said truck had more than sufficient time in which to turn aside, stop, slow his vehicle, or to otherwise maneuver his truck in such a manner as to avoid striking said Wiley car as it came down the Wiley's left side of said highway out of control." Said trial amendment was not sworn to and was not a part of plaintiffs' controverting affidavit. Therefore, it cannot be considered in determining whether the facts alleged are sufficient to show that the act of the Mercers' driver was a proximate cause of the collision. Point three is sustained.

The judgment cannot be sustained on the theory that the Mercers are necessary parties to a suit against Moen. The Wileys can obtain all the relief to which they are entitled *against Moen* without the presence of the Mercers in the suit. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, 902; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775; Cockburn Oil Corp. v. Newman, Tex.Civ.App., 244 S.W.2d 845, 847.

Appellants' fourth point, to the effect that there is no evidence of probative value to support a finding that the Wileys' damages were a proximate result of a crime or trespass for what the Mercers are responsible, is overruled. It is not necessary to prove causal connection between the crime and injuries. It is sufficient that it be shown by the pleadings. Gann v. Murray, Tex.Sup., 246 S.W.2d 616. Since the judgment must be reversed for the errors discussed, it is not necessary to determine whether appellees proved commission, by the Mercers' driver, of a crime or trespass in Stephens County by a preponderance of the evidence. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95.

The judgment is reversed and the cause remanded.