C. K. RACKLEY et al., Appellants,

v.

INTERNATIONAL NAVIGATION CORPORATION et al., Appellees.

No. 13672.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1960.

Rehearing Denied July 13, 1960.

James P. Wolf, Corpus Christi, for appellants.

J. R. Sorrell, Richard B. Stone, Corpus Christi, for appellees.

BARROW, Justice.

International Navigation Corporation and others, as steamship agents, owners and operators, brought this as a class suit on behalf of themselves and other steamship owners and operators loading and unloading cargo at the Port of Corpus Christi, Texas, against C. K. Rackley, L. Q. Rackley, W. W. Rackley and W. E. Rackley, seeking an injunction restraining said defendants and all other persons as a class acting in concert with them, from engaging in secondary picketing and secondary boycotting in violation of the .provisions of Article 5154f, Vernon's Ann.Civ.Stats. Upon a hearing, the trial court granted a temporary injunction pending a final trial of the case. The Rackleys answered by plea to the jurisdiction and motion to dismiss, alleging that they are members of a labor organization, the Boatmen's Association of Corpus Christi, a local union of a national labor organization affiliated with the International Longshoreman's Association, AFL-CIO, and that the State Courts do not have jurisdiction of the cause of action alleged by plaintiffs, because jurisdiction to hear and determine such cause of action has been preempted by the Congress of the United States in the National Labor Relations Act, as amended, Title 29 U.S.C.A. § 151 et seq. Upon said hearing the trial court overruled defendants' plea to the jurisdiction and motion to dismiss. The defendants have appealed.

Appellee International Navigation Corporation acts as agent for the other ship owners and ship operator appellees in furnishing necessary services, including loading and unloading cargo at said port. These services are performed by various types of employees who are members of local unions affiliated with the International Longshoreman's Association. The Rackleys operate as a partnership known as the Boatmen's Association of Corpus Christi, and for several years have performed the service of mooring and unmooring ships, and shifting ships from one berth to another in the Corpus Christi harbor, and, as per contract, are paid a stipulated amount for each service performed. They have one regular employee and, from time to time, pick up other temporary held. They withhold and pay the Social Security and withholding tax on their employees. They maintain their own bookkeeping system. All their earnings from the services they perform are put into one account, and after paying expenses are divided equally among the four partners. The members of the partnership manage their own business, divide the. profits and share their losses, which depend upon their own methods and

management. They make partnership income tax returns. This partnership owns and furnishes the property, such as boats and automobiles, used in the performance of contracts. The employees of the partnership are not members of the union.

At the expiration of the last contract the appellee agent and appellants Rackley negotiated for a new contract, but the negotiations failed to result in a contract and appellee agent contracted with other persons to perform such services, then appellants established a picket line at the entrances to the dry dock of the port and generally engaged in picketing and carrying a sign. Appellees' employees would not cross the picket line on account of the fact that they are affiliated with the International Longshoreman's Association, and this resulted in stoppage of operations of loading and unloading ships, causing monetary loss to appellees. No disagreement or labor dispute exists between appellees and their employees, or any of them. The purpose of the picket line is not on account of any grievance of appellees' employees, nor did it affect them, but the sole purpose was to coerce, intimidate and force appellees to enter into a new contract with appellants. Moreover, the coercive effect of the picket line was not aimed at appellees' employees.

Appellants predicate this appeal upon two points. By their first point they contend that the count erred in taking jurisdiction over a labor dispute which affects interstate commerce within the meaning of the National Labor Relations Act as amended. Title 29 U.S.C.A. § 151 et seq. It was stipulated that appellees' business is such as affects interstate commerce. The only question which remains is whether or not the relation of employees and employers exists between appellants and appellees so as to bring the case within the provisions of the Labor Relations Act as amended by the Labor Management Relations Act of 1947 (Taft-Hartley Act), 29 U.S.C.A. §§ 141–158. The Supreme Court of Texas in Dallas General Drivers, Warehousemen and Helpers v. Wamix, Inc., 156 Tex. 408,

295 S.W.2d 873, 878, has laid down the rule to be followed in such cases, and restated the rule in Ex parte Twedell, Tex., 309 S. W.2d 834, 839, as follows:

"* * * when a suit seeking injunctive relief against labor practices is filed in a state court that court will be held to have jurisdiction unless evidence shows that: (1) the activity is one coming within the area covered by the Labor Management Relations Act, (2) the business is one affecting interstate commerce."

This same rule was followed by the Supreme Court in Ex Parte Dilley et al., 334 S.W.2d 425.

In this case the trial court expressly found that appellants were not employees but independent contractors, and also found that Local No. 1545 of Corpus Christi was not a labor organization within the Federal Act. Presumably this finding is based on the fact that the four Rackleys are its only members and are not employees. The appellants made no complaint of this finding, and it is binding on this Court and also on appellants. Rule 451, Texas Rules of Civil Procedure; U. S. Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224.

The record shows without dispute that the contract between appellants and appellees is carried out in the following manner: When a ship is coming into the harbor appellants are notified by the harbor master and told where the ship is to berth. Appellants and/or their employees go to the designated dock. When the ship comes alongside, a line is thrown by someone on deck to appellants on the dock. They then pull in the line which has been attached to the large mooring rope. The mooring rope has a loop in the end which appellants place over a large wooden or metal post, called a "bitt". The mooring rope is then tightened by the operation of a winch on the ship. In shifting from one berth to another the operation is done by slackening the mooring rope. The rope is then re-

moved by appellants from the bitt and placed on another bitt, the ship's winch is then rewound and thus the ship is pulled to the new berth. The only control the ship's master has over the work is directing when and where the movement is to be made. Neither the ship's master nor appellees have any control over the details of appellants' work.

We have carefully considered the evidence and conclude that it shows that appellants are independent contractors and not employees as those terms are defined by the decisions of this State. Halliburton v. Texas Indem. Ins. Co., 147 Tex. 133, 213 S.W.2d 677; Jones Truck Line v. Johnson, Tex.Civ.App., 225 S.W.2d 888.

The United States Congress in enacting the Labor Management Relations Act of 1947 expressly excluded independent contractors from the definition of the term "Employees". Thereby Congress excluded disputes between employers and their independent contractors from the provisions of the Federal Law, even though they be engaged in interstate commerce, unless the acts complained of affect or are aimed at employees as defined by the Act. National Labor Relations Board v. Nu-Car Carriers, Inc., 3 Cir., 189 F.2d 756; Rubin v. American Sportsmen Television Equity Soc., 40 Cal.2d 412, 254 P.2d 510; Brewery and Beverage Drivers and Workers Local No. 67, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A.F.L. and Bernard Rosenberg, 107 N.L.R.B. 299; Oklahoma Trailer Convoy, Inc., 99 N.L.R.B. 1019; Eldon Miller, 107 N.L.R.B. 557; Malone Freight Lines, Inc., 106 N.L.R.B. 1107; Consolidated Forwarding Company, Inc., 112 N.L.R.B. 357; Alabama Highway Express, Inc. v. Local 612, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 268 Ala. 392, 108 So. 2d 350; National Labor Relations Board v. Steinberg, 5 Cir., 182 F.2d 850.

Appellants contend that whenever the question of jurisdiction of the N.L.R.B. is raised in a proceeding in the State Court, the Court must abate the proceeding and cannot decide for itself the question of its jurisdiction. No authorities were cited which so hold. On the other hand, the Supreme Court of Texas has held otherwise in the Twedell and Dilley cases, supra. The Supreme Court of the United States has also so held in Amalgamated Clothing Workers of America v. Richman Brothers Company, 348 U.S. 511, 75 S.Ct. 452, 99 L. Ed. 600.

Appellants rely on the holding of the U. S. Supreme Court in Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601; Amalgamated Meat Cutters and Butcher Workmen of North America, Local No. 427, A.F.L. v. Fairlawn Meats, Inc., 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613; and San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. These cases involved acts which were either protected or condemned by Federal Labor Law, and laid down the rule for the courts to follow in determining jurisdiction under the pre-emption doctrine. These holdings did not, in any way, attempt to remove from state courts the power or authority to determine their own jurisdiction. We think the rule finally established in the Garmon case applies and must govern the courts in determining jurisdiction; i. e., when an activity is arguably subject to Sec. 7 or Sec. 8 of the National Labor Relations Act, the State as well as the Federal Courts must defer to the exclusive competence of the National Labor Relations Board. The Supreme Court of Texas in Ex Parte Dilley, supra, recognized that rule, but still adhered to the rule that the State Courts have jurisdiction unless the activity is one coming within the area (now arguably within the area) covered by the Labor Management Relations Act (Taft-Hartley) and the business affects interstate commerce.

Thus the question here presented is: Do the facts in evidence bring the case arguably within the area of the Federal Act? We think not. The undisputed evidence shows that appellants are not employees

but independent contractors. No wages, hours, working conditions of any employees are involved, but the sole purpose of the picketing is to coerce and intimidate and thereby force appellees to make a new contract with appellants as independent contractors.

Having reached the conclusion that the activities complained of do not arguably come within the area of the Labor Management Relations Act, it necessarily follows that jurisdiction is not pre-empted by the Act and that the court had jurisdiction to issue the injunction.

Appellants' second point complains of the court's action in overruling appellants' exception to appellees' pleading because the pleading does not name the persons who are alleged to be acting in concert with appellants. This point is overruled. The record wholly fails to show that such error, if in fact it was error, was calculated to cause and probably did cause the rendition of an improper judgment in the case. See Rule 434, Texas Rules of Civil Procedure.

Finding no error, the judgment is affirmed.