Henry TUBB, Appellant,

v.

CARTER–GRAGG OIL COMPANY et al., Appellees.

No. 4790.

Court of Civil Appeals of Texas.

Waco.

April 10, 1969.

a partnership, and Oscar Lee Gragg, for personal injury damages. He appeals from a judgment sustaining the pleas of privilege of all defendants.

Appellant's controverting plea alleged that, in the county of suit, Handorf committed many negligent acts and omissions proximately causing his injuries; that Handorf was an employee of the oil company at the time; and that Gragg and the oil company negligently furnished defective equipment, proximately causing his injuries. Appellant urged that exceptions 9a (action maintainable in county in which negligent acts or omissions of defendant proximately causing injury occur) and 29a (if more than one defendant, and action maintainable in county of suit as to any defendant, then maintainable there against all necessary parties) of Article 1995, Vernon's Annotated Texas Civil Statutes, permitted venue in the county of suit. Trial was to the court without a jury. Findings of fact and conclusions of law were neither requested nor filed. Therefore, we presume that all necessary fact findings were made by the trial court in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114 (1950).

Appellant's burden in the trial court, under the express requirements of exception 9a, was to prove by a preponderance of the evidence that (1) in the county of suit (2) a negligent act or omission (3) of a defendant, in person, or by a servant, agent or representative acting within the scope of his employment, (4) proximately caused (5) the injuries. The judgment implies that appellant failed to meet his burden of proof as to any defendant.

Exception 29a of Article 1995 is purely ancillary to some other exception of the venue statute and is not an independent basis for holding venue in the county of suit. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, 901 (1942). Thus, if appellant failed to meet his burden of proof under

---

Mac Leon Bennett, Normangee, Gallagher, Wilson, Berry & Jorgenson, Dallas, for appellant.

W. C. Haley, Waco, for appellees.

## OPINION

HALL, Justice.

Henry Tubb brought this action against Jack Handorf, Carter-Gragg Oil Company,

exception 9a, the pleas of all defendants were properly sustained.

 Appellant's points complain that the trial court erred (1) in holding that there was not "substantial evidence" that Handorf was an employee of the partnership at the time of the injury; and (2) in holding that there was not "substantial evidence" of negligence of the defendants in the county of suit. Appellant stated in oral argument that his points were intended to raise questions of sufficiency of the evidence, and we shall consider them as doing so.

Appellant, a welder, and Handorf, operating a winch truck, were constructing a frame of drill stem pipe for a large hay barn, when appellant fell from a ladder and sustained serious injuries. The accident occurred in the county of suit. Handorf and appellant were the only persons present when appellant fell. Handorf was out of the truck, doing nothing, at the time. Appellant testified he fell when a cross-member rolled toward or against him; that the winch cable was still on the pipe; that he doesn't know what caused the pipe to roll; that nothing Handorf did or said caused it; and that he knows of no defects in the equipment that caused the accident. He testified there was a "heavy wind," and admitted that shortly before the cross-member began to roll he had been tapping it with a smaller piece of pipe. Much of other testimony of appellant regarding the cause of his fall was speculative and vague. Handorf testified that appellant told him the pipe "needed tapping just a little bit. And I handed him a tubing collar· and he tapped the pipe and knocked it back one way or another. When he did, the other end came off; and when it came off, it got him off balance and the ladder fell back, and he fell." "He was leaning over on it, looking down and tapping it. He got off balance on that step ladder."

We have carefully considered all of the evidence. The implied finding of the trial court that none of the defendants were guilty of negligence finds ample support in the record and is not against the great weight and preponderance of the evidence. Appellant's second point is overruled. This holding requires that the judgment of the trial court be affirmed. It is not necessary, therefore, that we consider appellant's other point of error.

 There is another reason why we must affirm the judgment. There is evidence of probative value to support an implied finding that any negligence of the defendants was not a proximate cause of appellant's injuries. This finding is an independent basis for the trial court's judgment. Appellant has not challenged this finding as being against the weight of the evidence, and he and we are bound by it. Rackley v. International Navigation Corporation, 337 S.W.2d 613, 615 (Tex.Civ. App., 1960, no writ); Rule 451, Texas Rules of Civil Procedure.

The judgment is affirmed.