MRS. GERA TARRANT ET VIR V. HONORABLE DANIEL WALKER, CHIEF JUSTICE, ET AL.

No. 7972. Decided December 16, 1942.
Rehearing overruled January 13, 1943.
(166 S. W., 2d Series, 900.)

*Campbell & Foreman,* of Livingston, *Allen, Helm & Jackson,* and *Edwin Smith,* of Houston, for relators.

In an action seeking a joint and several judgment against two defendants the holding by the Court of Civil Appeals that

a joint tort feasor is not a necessary party within the meaning of exception 29a of the venue statutes, was in conflict with prior rulings by the Supreme Court. Carmichael Co. v. Miller, 178 S. W. 976; Buckner v. Turner, 131 S. W. (2d) 676; Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., 220 S. W. 394.

*Sewell, Taylor, Morris & Connally* and *Walton D. Taylor* and *Ben G. Sewell,* all of Houston for respondents.

The decision in this case does not conflict with any decision of the Supreme Court or of the Courts of Civil Appeals. Moore v. Hoover, 150 S. W. (2d) 96; White v. White, 105 S. W. (2d) 779; Page v. Bond, 134 Texas 90, 132 S. W. (2d) 579.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

Mrs. Gera Tarrant and her husband, M. I. Tarrant, filed here a motion for leave to file a petition for a writ of mandamus to require the Court of Civil Appeals at Beaumont to certify a question of law decided by them in an appeal from an order of the trial court granting a plea of privilege interposed there by S. E. Gunter, one of the respondents. The motion was granted, the petition was filed and heard, and we have now to decide whether mandamus will issue.

The Tarrants filed suit in Polk County against The Texas Company, a private corporation, and Gunter, to recover damages for personal injuries sustained by Mrs. Tarrant when an automobile driven by her collided with a truck owned by The Texas Company and operated by Gunter, who was alleged to have been the agent of The Texas Company and acting within the scope of his agency at the time in question. The collision occurred in Harris County. Each defendant filed a plea of privilege to be sued in Harris County, where Gunter resided and where The Texas Company had its domicile. The Tarrants controverted both pleas, alleging that The Texas Company had an agent in Polk County conducting business for it there and that Gunter was a necessary party to the suit.

After hearing evidence, the trial court overruled The Texas Company's plea but sustained Gunter's. The Texas Company did not appeal, evidently recognizing that the venue was properly laid as to it in Polk County because of the provisions of subdivision 23, Art. 1995, R. S., 1925. The Tarrants appealed

from the order as to Gunter, their only assignment of error being that their suit was maintainable against him in Polk County under subdivision 29a, of Article 1995, supra, which reads as follows:

"Whenever there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The Court of Civil Appeals held that Gunter was not a necessary party under this statute and affirmed the judgment of the trial court. Relators assert that this ruling is in conflict with the decisions of this Court in Pioneer Bldg. & Loan Ass'n. v. Gray, 132 Texas, 509, 125 S. W. (2d) 284, and Commonwealth Bank & Trust Co. v. Heid Bros., 122 Texas, 56, 52 S. W. (2d) 74.

Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Bldg. & Loan Ass'n. v. Gray, supra; Henderson Grain Co. v. Ross, 122 Texas 620, 64 S. W. (2d) 347.

In Pioneer Bldg. & Loan Ass'n. v. Gray there were two defendants. Gray lived in Walker Coonty, and Mrs. Nettie Collins, independent executrix of the estate of Max Collins, deceased, lived in Milam County. The suit was filed in McLennan County, under subdivision 5, Art. 1995, R. S. 1925, on a note executed by the Collinses and payable to the order of plaintiff in McLennan County, and to foreclose a deed of trust lien on real estate located in Milam County given to secure the note. After the death of her husband, Mrs. Collins conveyed the land to Gray, who was in possession when the suit was instituted. This Court held that since the plaintiff could not secure the effective relief to which it was entitled under subdivision 5, supra, without joining Gray as a defendant, he was a "necessary party" within the meaning of subdivision 29a, because *"every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a."* (Italics ours.)

In Commonwealth Bank & Trust Co. v. Heid Bros., supra, one of the defendants lived in the county of the forum, so venue of the suit was properly laid in that county as to Heid Bros., under the express provisions of subdivision 4, Art. 1995, supra, and it was necessary to invoke the provisions of subdivision 29a to hold the venue there. Henderson Grain Co. v. Russ, supra.

It is apparent, therefore, that there is no conflict between the holding of the Court of Civil Appeals in this case and the decision in either Pioneer Bldg. & Loan Ass'n. v. Gray or Commonwealth Bank & Trust Co. v. Heid Bros., supra. The Texas Company and Gunter are sued as joint tort-feasors. Either defendant is liable for the damages suffered by Mrs. Tarrant, and she could have full satisfaction therefor by judgment and execution against either. All the relief to which the Tarrants are entitled *as against The Texas Company* can be so enforced in the district court of Polk County, under subdivision 23, Art. 1995, supra, without Gunter's presence as a defendant. Therefore, Gunter is not a necessary party to the suit within the meaning of subdivision 29a.

Since the decision of the court below is in harmony with the opinions of this Court, that it may conflict with the decisions of some other courts of civil appeals furnishes no reason for us to grant the petition. Aetna Life Ins. Co. v. Gallagher, Chief Justice, et al, 127 Texas 553, 94 S. W. (2d) 410.

Accordingly, the petition is denied.

Opinion adopted by the Supreme Court December 16, 1942.

Rehearing overruled January 13, 1943.