H. J. MORELAND V. HAWLEY INDEPENDENT SCHOOL DISTRICT.

No. 8074. Decided February 17, 1943.
(168 S. W., 2d Series, 660.)

*McMahon, Springer & Smart,* of Abilene, for appellant.

*Wiley L. Caffey,* of Abilene, for appellee.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This case has been here before. On petition for a writ of mandamus filed by Moreland, it was submitted to the members of the Court and both sections of the Commission, sitting as a nine-judge court, and an opinion was handed down on December 16, 1942. Moreland v. Leslie, Chief Justice, et al, this volume, page 170, 166 S. W. (2d) 902. A sufficient statement of facts appears there. The question which was ordered certified is there stated and answered.

The order was that the writ of mandamus issue unless the Court of Civil Appeals should conform its decision to ours. That court chose to certify the question already answered, as above related, as well as the following questions:

"Question No. 1: Has this court, whose term expired about October 3, 1942, prior to the action of the Supreme Court in awarding the writ of mandamus, such control over said judgment as empowers us to change it if necessary to comply with the opinion of the Supreme Court upon receipt of the answers to the questions herein certified?

"Question No. 2: In a suit against at least two defendants to recover of them, jointly, damages for a tort; neither defendant being a resident of the county in which the suit is brought; if the venue, as to one of the defendants, is authorized under exception 9 to the general rule of venue (R. S. 1925, Art. 1995) because such defendant committed a trespass in such county, upon which the suit is based, is the other defendant, who by the suit is sought to be adjudged liable, only in accordance with the doctrine, principle or maxim of respondent su-

perior, a *necessary* party to the suit within the provisions of exception 29a to said general rule of venue?

"Question No. 3: In a suit the venue of which is proper as to one or more defendants under some exception to the general provisions of R. S. 1925, Art. 1995; and another defendant, a non-resident of the county, asserting a plea of privilege is sought to be held under exception 29a on the ground that he is a *necessary* party to the suit, do the allegations of plaintiff's petition determine whether or not he is a *necessary* party?

"Question No. 4: In a suit brought against an alleged master and servant seeking to establish a joint liability of both and where the venue of such suit is sought to be sustained under exception 9 to the general rule, in that the suit is one based upon a trespass committed in the county where the suit is brought, is the plaintiff's petition sufficient evidence that the suit is of such nature, leaving as the only other, or additional, venue facts necessary to be established by other evidence, those only necessary to show that the alleged servant or employee actually committed the trespass in the county of the suit?"

■ Question No. 3 will not be answered because it inquires about the effect of applying subdivision 29a to *some* exception to Art. 1995, whereas the matter at issue is the effect of subdivision 29a on subdivision 9. Moreover, if it was meant to limit the inquiry to subdivision 9 and 29a, the question is wholly immaterial to this case, under our answer to Question No. 2.

The answer to Questions Nos. 2 and 4 is "No." Moreland v. Leeslie, Chief Justice, et al, supra; Tarrant v. Walker, Chief Justice, et al, this volume, page 249, 166 S. W. (2d) 900.

■ Our answer to Question No. 1 is "Yes." There is no suggestion that Moreland did not timely and properly invoke the procedure to have his question certified to this Court. On the contrary, in the tentative opinion accompanying its certificate, the Court of Civil Appeals says that during the term at which it affirmed the judgment of the trial court (163 S. W. (2d) 892), "Moreland's motion for rehearing was overruled, as was also a motion to certify a particular question to the Supreme Court. Said term ended on or about October 3, 1942." So it must be assumed that he complied with Rule 465, Texas Rules

of Civil Procedure. When the Supreme Court grants leave to file a petition for mandamus the petition is docketed and must be set down for a hearing, both on the question of conflict and on the merits of the question involved. Rule 475, ibid. That the term of the Court of Civil Appeals at which an erroneous judgment is rendered may expire before the petition can be heard and determined here and our conclusions announced cannot defeat the jurisdiction of the Supreme Court to decide the questions properly before it nor relieve the court below of its obligation to comply with that decision by correcting its judgment. Nowhere do we find any such limitation. In the very nature of things, it does not exist.

Opinion adopted by the Supreme Court February 17, 1943.