### COCKBURN OIL CORP. v. NEWMAN.

No. 2894.

Court of Civil Appeals of Texas. Eastland.

Sept. 28, 1951.

846

J. L. Webb, Houston, H. O. Woodward, Coleman, for appellant.

Wilson & Wilson, San Angelo, for appellee.

COLLINGS, Justice.

This suit was brought in Coleman County, Texas, by appellee H. O. Newman, against appellant Cockburn Oil Corporation, and L. P. Bardin. Both of such defendants were alleged to reside in Harris County, Texas. The basis of the suit was a written contract between appellee Newman and L. P. Bardin for the drilling of an oil well in Coryell County, Texas, which contract provided that all sums due and payable thereunder were payable at the Coleman County State Bank in Coleman, Texas. It was alleged that while the written contract was in the name of L. P. Bardin, it was made by agents of the Cockburn Oil Corporation for and on behalf of such corporation and that appellant corporation and Bardin were jointly and severally liable; that venue was properly laid in Coleman County, Texas, under Subdivisions 4, 5 and 29a of Art. 1995, Vernon's Annotated Revised Civil Statutes of Texas. Appellant Cockburn Oil Corporation filed its plea of privilege to be sued in Harris County, the place of its domicile, and as a part thereof, filed a plea of non est factum. Appellee Newman duly filed

his controverting affidavit and upon a hearing, the plea of privilege was overruled by the trial court. Cockburn Oil Corporation has appealed.

■ The provisions of Subdivision 4, Art. 1995, do not apply in this case for the reason that defendants herein do not reside in different counties and the suit is not brought in a county where one of such defendants resides, as required by such subdivision.

■ It is urged by appellant Cockburn Oil Corporation that even if it be held that L. P. Bardin was properly sued in Coleman County under Subdivision 5 of the venue statute because he contracted in writing to pay certain sums of money therein, that it, the oil corporation, cannot be required to defend the suit against it in such county under Subdivision 29a as contended by appellee for the reason that appellee's pleadings do not show appellant to be a necessary party to the suit against Bardin. In our opinion, this contention is well taken. In order to maintain suit against a defendant in a county under the provisions of Subdivision 29a, such defendant must be a necessary party to a suit lawfully maintainable in such county against some other defendant under the provisions of Art. 1995, Vernon's Annotated Revised Civil Statutes. The rule as to what constitutes a necessary party in such cases is laid down by Judge Alexander in the case of Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, as follows: "The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

■ All the relief prayed for by appellee Newman or to which he was entitled as against Bardin, the defendant properly suable in Coleman County, was a money judgment against Bardin. This relief is obtainable in a suit in which appellant Cockburn Oil Corporation is not joined and appellant, therefore, is not a necessary party to such suit. Tarrant v. Walker, Chief Justice, 140 Tex. 249, 166 S.W.2d 900, 902; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W. 2d 660 (Com.). In the case of Tarrant v. Walker, supra, Judge Brewster said: "Either defendant is liable for the damages suffered by Mrs. Tarrant, and she could have full satisfaction therefor by judgment and execution against either. All the relief to which the Tarrants are entitled as against The Texas Company can be so enforced in the district court of Polk County, under subdivision 23, Art. 1995, supra, without Gunter's presence as a defendant. Therefore, Gunter is not a necessary party to the suit within the meaning of subdivision 29a."

■ In order to retain venue of a nonresident defendant in a county under subdivision 5 alone, it is necessary to both allege and prove that such defendant, individually or by agent, duly executed the written instrument performable in the county where suit is brought. Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234; Colman v. H. Dittlinger Roller Mills Co., Tex.Civ. App., 181 S.W.2d 604; Lanford v. Lovett, Tex.Civ.App., 97 S.W.2d 982, petition overruled 128 Tex. 373, 99 S.W.2d 593; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; 43 Tex. Jur., 866–868. Although it was alleged that the contract here sued upon was made by the agents of Cockburn Oil Corporation for and on behalf of such corporation, the proof is not sufficient to support a finding to that effect.

For the reasons stated, the case is reversed and since it does not appear to be fully developed it is remanded for another trial.