**COLEMAN COUNTY TELEPHONE CO-OPERATIVE, Inc., Appellant,**

v.

**Stewart E. CUNNINGHAM, Appellee.**

No. 3406.

Court of Civil Appeals of Texas.

Eastland.

Nov. 14, 1958.

Rehearing Denied Dec. 5, 1958.

**462**

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, Callaway & Callaway, Brownwood, for appellant.

Jacobs, Davis & Schmidt, Houston, Hudson, Keltner & Sarsgard, Fort Worth, Woodruff & Holloway, Brownwood, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling the plea of privilege of Coleman County Telephone Co-operative, Inc., to be sued in Coleman County, the place of its residence. Suit was filed in Brown County by Stewart E. Cunningham against his employer, Gulf, Colorado & Santa Fe Railway Company and against Coleman County Telephone Co-operative, Inc., for personal injuries alleged to have been sustained by Cunningham in Coleman County when he was struck by a telephone wire which had theretofore been strung across the Santa Fe's tracks by the telephone company and which caused Cunningham to fall from the top of the box car upon which he was riding. Cunningham alleged that the telephone wire in question was erected and was being maintained and operated by the telephone company at a height of less than 22 feet above the railroad track in violation of Article 6559a, Vernon's Ann.Tex.Civ.St.; that such violation constituted negligence per se and was a proximate cause of his injuries. He alleged that the railroad company was also negligent; that it failed to make reasonable inspection and to discover and warn him of the presence of the wire across the railroad track at a height of less than 22 feet; that the railroad company failed to exercise ordinary care to furnish him with a safe place to work, and that such negligent acts were proximate causes of the injuries sustained by him. It was alleged by Cunningham that at all times relevant hereto he was and still is a resident of Brown County, Texas; that suit was brought against the Santa Fe Railway Company under Subdivision 25 of Article 1995, V.A.T.C.S., requiring suits against railroad corporations for personal injuries be brought either in the county in which the injury occurred or where the plaintiff resided at the time of the injury. Cunning-

ham further alleged and urges on appeal that the telephone company was a necessary party defendant to the suit against the railroad company and was, therefore, properly joined in the Brown County suit under the provisions of Subdivision 29a of the venue statute.

■ Appellant Coleman County Telephone Co-operative, Inc., contends that the trial court erred in overruling its plea of privilege to be sued in Coleman County, the place of its residence. Appellant urges that the pleadings and evidence do not show the existence of the essential venue facts which would permit this suit to be maintained against it in Brown County under Subdivision 29a; that appellant, Coleman County Telephone Co-operative, Inc., is not a necessary party to the suit in Brown County against Gulf, Colorado & Santa Fe Railway Company within the meaning of Subdivision 29a.

Subdivision 29a of Article 1995, V.A.T.C.S., provides as follows:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The test in determining whether a defendant is a necessary party under Subdivision 29a is stated in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, as follows:

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within

the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties."

■ In our opinion Coleman County Telephone Co-operative, Inc., is not a necessary party to this suit within the meaning of Subdivision 29a. Appellee Cunningham's pleadings did not allege a joint cause of action against the railroad company and the telephone company as distinguished from a joint and several cause of action. He did not allege a joint cause of action against said defendants in the sense that no effectual decree could be rendered against one of the defendants without the joinder of both. Cunningham alleged negligence on the part of the railroad company and negligence on the part of the telephone company and the negligence of each was alleged to have proximately caused the injury and damage of which he complains. He sought judgment against the two defendants jointly and severally. It is held that where the negligence of two or more wrongdoers join to produce a single injury, that all of the wrongdoers will be held jointly and severally liable for the damages and the injured party may proceed to judgment against any one of them separately or against all in one suit. It follows that the joinder of Coleman County Telephone Co-operative, Inc., as a party defendant is not necessary to enable Cunningham to obtain full and effective relief in the suit which he is entitled to maintain in Brown County against Gulf, Colorado & Santa Fe Railway Company under Subdivision 25 of the venue statute. An effectual decree could be rendered completely adjudicating Cunningham's alleged cause of action against the railroad company without the joinder of the telephone company as a party defendant. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Moreland v. Hawley Ind. School Dist., 140 Tex. 391, 168 S.W.2d 660; Mercer v. Wiley, Tex.Civ.App., 252 S.W.2d 984; Cockburn Oil Company v.

Newman, Tex.Civ.App., 244 S.W.2d 845; Rogers v. Fort Worth Poultry & Egg Company, Tex.Civ.App., 185 S.W.2d 165.

We cannot agree with appellee's contention that our Supreme Court in Ladner v. Reliance Corp., Tex.Civ.App., 293 S.W. 2d 758, either expressly or impliedly overruled the above cited cases and other prior cases to the same effect. That case holds that where a plaintiff, if he recovers, will be entitled to a "joint judgment" against two non-resident defendants and suit is maintainable where brought as to one of the defendants under some subdivision of the venue statute, that the other defendant is a necessary party within the meaning of Subdivision 29a. It does not hold, nor does it imply, that a defendant is a necessary party under Subdivision 29a in cases where the liability is joint and several. That case clearly recognizes that a person who is a proper party may not be a necessary party within the purview of Subdivision 29a. The Ladner case cites Union Bus Lines v. Byrd, supra, and Tarrant v. Walker, supra, which hold that in order to show that a defendant is a necessary party under Subdivision 29a it is incumbent upon a plaintiff to establish that the joinder of such defendant is necessary to enable the plaintiff to obtain full and effective relief in the suit which he is entitled to maintain in the county where the suit is brought against the other non-resident defendant under some other subdivision of Article 1995.

This is not a case in which the allegations of the plaintiff's petition, if true, require the joinder of a particular person, and where evidence might or might not support the allegations. See Ladner v. Reliance Corporation, supra. The allegations of Cunningham's petition show conclusively that the telephone company is not a necessary party to his suit against the railroad company in Brown County.

The judgment overruling appellant's plea of privilege is, therefore, reversed and judgment is here rendered sustaining the plea. The trial court is directed to transfer the case in so far as it concerns Coleman County Telephone Co-operative, Inc., to Coleman County.