O. P. LEONARD, Trustee, et al., Petitioners,

v.

G. R. ABBOTT et al., Respondents.

No. A–9126.

Supreme Court of Texas.

March 20, 1963.

Rehearing Denied May 8, 1963.

Leland A. Hodges, Jenkins Garrett and Robert Stahala, Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and John McBryde, Fort Worth, Black & Stayton, Austin, for petitioners.

McKinney & McKinney, Cooper, Moore & Lipscomb, Fisher, McLaughlin & Harrison, Paris, for respondents.

GRIFFIN, Justice.

This is a venue case. Our jurisdiction is based on a conflict of decisions (Art. 1728, Subd. 2, Vernon's Texas Civil Statutes). The case at bar, wherein it holds that plaintiffs may maintain this suit in Lamar County, Texas, conflicts with the case of Linde Air Products v. Page et al., (1939) Tex.Civ.App., 131 S.W.2d 1057, by the Dallas Court of Civil Appeals. Writ of Mandamus denied Page v. Bond, 134 Tex. 90, 132 S.W.2d 579; also Breazeale v. Wyres (1956), Tex.Civ.App., 290 S.W.2d 258, no writ history.

Respondent Abbott and seventy-nine others sued O. P. Leonard, Trustee, and others in the District Court of Lamar County, Texas, for damages to their respective cotton and vetch crops in Lamar County, alleging these damages were caused by the aerial spraying of herbicides on defendants' land in Hopkins County, Texas. The spraying service employed to do the spraying of the herbicides was also sued, but is not before this court on this appeal.

Defendants duly filed their plea of privilege to be sued in Tarrant County, Texas, their respective residences. Plaintiffs filed a controverting plea, which was afterwards amended, over defendants' objections, so as to rely upon subdivisions 9, 9a, 14, 27, and 29a of Article 1995, Vernon's Texas Civil Statutes to justify the trial of the suit in Lamar County. After a hearing on the plea of privilege, the trial court overruled it, and defendants appealed to the Court of Civil Appeals. That court affirmed the action of the trial court. 357 S.W.2d 778.

We reverse the judgments of the courts below and order the case transferred to a district court of Tarrant County for trial.

Defendants have points of error in this court that there is no evidence that any act or omission of negligence on the part of the defendants or the spraying service proximately caused the alleged injuries to respondents' crops and that there is no probative evidence of material damage to plaintiffs' crops resulting from the alleged negligence of defendants and the spraying service. This being true, it is alleged there was error of the courts below in not sustaining the plea of privilege. For the purpose of this cause we assume without deciding that the spraying service was negligent in its application of the herbicides to the lands of defendants in Hopkins County, and that damages to plaintiffs' crops were shown to have resulted from the drift of the herbicides so applied to plaintiffs' crops in Lamar County. This case has not been tried on its merits and our holding herein shall in no measure relieve the plaintiffs on the main trial from establishing every element of their cause of action.

As this case reaches us, the damages done to plaintiffs' crops resulted from the drifting of the herbicides discharged by the spraying service in the application of these herbicides to a part of defendants' land located in Hopkins County, Texas. All parties in both lower courts proceeded on the theory that this application of herbicides took place only in Hopkins County, and that the airplanes applying the herbicides were not in or over Lamar County.

In this court plaintiffs have contended in their oral argument and in their supplemental brief that there is evidence in the record—previously overlooked by all parties and also by the Court of Civil Appeals—which shows that the applying airplanes did fly over some part of the defendants' ranch lands located in Lamar County at the time of the application of the herbicides. We have carefully read

the evidence alluded to by plaintiffs and it is too indefinite and conjectural to show that any herbicides were released by airplanes flying over lands in Lamar County or that these planes flew over the lands of defendants in Lamar County, Texas. The record shows without question that all parties in both courts below tried this case on the theory that the spraying took place only in Hopkins County.

Therefore, this case must be decided on the question of the right to try the case against the defendants in Lamar County, where no application of herbicides took place in Lamar County. In other words, may a suit against a defendant or defendants whose negligent acts in one county cause damages in another county be tried in the county in which the damage occurred, even though it is not the residence of the defendant or defendants, for the damages resulting from the negligent act?

Plaintiffs rely upon subdivision 9a of Article 1995, Vernon's Texas Civil Statutes to maintain venue in Lamar County, Texas.

Subdivision 9a of Article 1995, as material to this cause, reads: "A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought *in the county where the act or omission of negligence occurred* or in the county where the defendant has his domicile." (Emphasis added). This statute was passed in 1953.

Prior to that date, all suits for negligent conduct of a party which were sought to be tried in the county of the occurrence of such negligent conduct, rather than in the county of residence of the defendant, relied upon the "trespass" language of the then subdivision 9 of Article 1995. Under this article, the courts held that for a negligent act to be included in the definition of a "trespass" as used in subdivision 9, such negligence must be "active" negligence rather than "passive" negligence. "A 'trespass,' * * * includes injury to person or property resulting from the wrongful acts, either wilfully inflicted or the result of affirmative active negligence upon the part of the wrongdoer, as distinguished from injuries that are a result of a mere omission of duty." City of Mineral Wells v. McDonald (1943) 141 Tex. 113, 170 S.W.2d 466. Mercer v. McCurley (1944), 142 Tex. 197, 176 S.W.2d 923.

To remedy this situation and to govern the trial of all negligence actions whether "active" or "passive", the Legislature added subdivision 9a to Article 1995. In this Act it was prescribed that in addition to the county of the residence of the defendant, suit "may be brought in the county where the act or omission of negligence occurred."

This is plain and unambiguous language. An act can only occur where the act actually takes place. "Occur" does not include the results of the occurrence, but only the taking place, happening, or coming to pass. Webster's Third New International Dictionary. Lyle v. Waddle (1945), 144 Tex. 90, 188 S.W.2d 770(9). *The Legislature* knew how to use appropriate language to confer venue where the cause of action or a part thereof arose, had it desired to do so. See subdivisions 23 and 27 of Article 1995.

The recent case of Richards v. United States et al., decided by the Supreme Court of The United States on February 26, 1962, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed. 492, construing the language "would be liable to the claimant in accordance with the law of the place where the act or omission occurred," as used in the Federal Tort Claims Act, is helpful.

In that case certain repairs were negligently performed on an airplane in the State of Oklahoma. As a result of this negligence, the plane fell in the State of Missouri, while en route to New York. Personal representatives of those killed in the crash brought suit in the Northern District of Oklahoma against the United States for negligently failing to enforce the terms of the Civil Aeronautics Act and the regula-

tions thereunder. The question before the court was whether the law to be applied under the Federal Tort Claims Act was to be (1) the internal law of the state in which the negligence occurred, (2) the whole law (including the choice-of-law rules) of the state in which the negligence occurred, or (3) the internal law of the state in which the negligence culminated in damage. This last contention coincides with the theory of the plaintiffs herein. In deciding in favor of (2) above, the court said:

" * * * we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used. We believe that it would be difficult to conceive of any more precise language Congress could have used to command application of the law of the place where the negligence occurred than the words it did employ in the Tort Claims Act."

By a similar interpretation of legislative intent as applied to our case, we hold that the language of subdivision 9a of Article 1995 was meant to apply under the present facts to Hopkins and not Lamar County. The cases relied upon by the plaintiffs were all decided under subdivision 9 prior to the adoption of subdivision 9a.

Plaintiffs next contend that since Hall's Aero Spraying Service, Inc., a non-resident corporation of this state, was properly sued in Lamar County under subdivision 3 (where plaintiffs reside) and subdivision 27 (where the cause of action arose), the District Court of Lamar County also had jurisdiction of the defendants by force of subdivision 29a of Article 1995.

Plaintiffs filed their suit against Hall Aero Spraying, Inc. and Claude Hall, the parties actually doing the spraying of the herbicides, and also against the defendants O. P. Leonard, Trustee, and the other petitioners herein. In this suit plaintiffs seek a joint and several judgment against all of the defendants.

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article." Tarrant et al. v. Walker (1942), Sup.Ct., 140 Tex. 249, 166 S.W.2d 900.

This Court, in the case of Moreland v. Hawley Ind. School District (1943) 140 Tex. 391, 168 S.W.2d 660, answered the following certified question in the negative:

"Question No. 2: In a suit against at least two defendants to recover of them jointly, damages for a tort; neither defendant being a resident of the county in which the suit is brought; if the venue, as to one of the defendants, is authorized under exception 9 to the general rule of venue (R.S.1925, Art. 1995) because such defendant committed a trespass in such county, upon which the suit is based, is the other defendant, who by the suit is sought to be adjudged liable, only in accordance with the doctrine, principle or maxim of respondeat superior, a necessary party to the suit within the provisions of exception 29a to said general rule of venue?"

See also Union Bus Lines v. Byrd (1944), 142 Tex. 257, 177 S.W.2d 774; Moreland v. Hawley, I.S.D. (1943), 140 Tex. 391, 168 S.W.2d 660; Moreland v. Leslie (1942), 140 Tex. 170, 166 S.W.2d 902; Tarrant v. Walker (1942), 140 Tex. 249, 166 S.W.2d 900; Ladner v. Reliance Corporation et al. (1956), 156 Tex. 158, 293 S.W.2d 758.

In our case plaintiffs could have maintained this suit for damages against Hall's Aero Spraying, Inc. or Claude Hall alone or against both and could have recovered a judgment, on proper proof, against the spraying service and Hall for all of their

alleged damages. Thus, defendants, who are petitioners herein, are not "necessary" parties to the suit against Hall and the spraying service in Lamar County, Texas, under subd. 29a.

In view of our holdings as above set out, the other points of error urged by defendants become immaterial.

We do not pass on the holding of the Court of Civil Appeals that "In the Herbicide Control Act the Legislature by implication declared the use and application of such herbicides to be inherently dangerous." We reserve this question until it is controlling in a case before us.

The judgments of both courts below are reversed and the case is remanded to the trial court with instructions to transfer this cause against the parties who are petitioners in this court to a district court of Tarrant County, Texas, for a trial on the merits. The defendants Claude Hall and Hall's Aero Spraying, Inc. are not parties to this appeal, and the cause of action against them remains in Lamar County, Texas.