George McCORMICK, d/b/a McCormick Insurance Agency, Appellant,

v.

VERNON BUTLER CHEVROLET COMPANY, Inc., Appellee.

No. 7522.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 8, 1963.

758

Witts & Ewing, Dallas, Long, Strong, Jackson & Strong, Carthage, for appellant.

Law Office of Tom Bankhead, Carthage, for appellee.

FANNING, Justice.

This is a venue case. Appellee motor company sued R. S. Crawford and George McCormick, d/b/a McCormick Insurance Agency in the District Court of Panola County, Texas, on an account for repairs made by appellee on the automobile of Crawford, and appellee sought a joint and several monetary judgment against Crawford and McCormick and also sought a foreclosure of a mechanic's lien against the automobile in the possession of Crawford. McCormick filed a plea of privilege to be sued in Dallas County, Texas, the county of his residence. Plaintiff-appellee filed his controverting plea asserting venue to be in Panola County, Texas, under exceptions 5 and 29a of the venue statute, Vernon's Ann. Civ.St. art. 1995. The trial court overruled McCormick's plea of privilege and he has appealed.

Crawford signed an instrument in writing agreeing to pay appellee for the repairs in Panola County, Texas, and venue as to Crawford was proper in Panola County, Texas, under exception 5 of the venue statute. However McCormick did not execute any contract in writing agreeing to pay in Panola County, Texas, so it is clear that McCormick can not be held in Panola County under exception 5.

Appellee contends that McCormick is a necessary party to the suit and that venue is maintainable in Panola County against McCormick under exception 29a.

As we understand plaintiff-appellee's pleading and proof, it seeks to recover judgment against McCormick, the insurance agent of Crawford, not on any written contract of McCormick, but on the written contract of Crawford, and the oral contract or oral representations of McCormick to the effect that McCormick authorized the repairs in question and agreed that he and the insurance company he represented

which carried Crawford's insurance would pay for such repairs and that McCormick orally assured appellee that the insurance company check for the repairs would be issued in the name of appellee, and that contrary to such assurance, the insurance company check was made payable to Crawford who refused to deliver same to appellee but converted same to his, Crawford's benefit. The record reveals that a controversy arose between appellee and Crawford as to whether the repairs were properly made and as to whether appellee's charges were excessive.

■ Under our venue statutes it must be clearly shown that the case comes within some well-defined statutory exception before one may be deprived of his right to defend a suit against him in the county of his residence. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107.

■ The party relying upon exception 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege must plead and prove that such a defendant is a necessary party to the action. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758; Clark, Venue in Civil Cases, ch. 29a § 6; McDonald, Texas Civil Practice, § 4.36.

In Ladner v. Reliance Corporation, supra, it was stated in part as follows:

· "When an action is maintainable in a particular county under some subdivision other than 29a, the plaintiff, if successful, will be entitled to certain relief in the suit which thus can be brought in such county. Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a. Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74; Pioneer Building &

Loan Ass'n. v. Gray, supra, [132 Tex. 509, 125 S.W.2d 284]; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Ramey & Mathis v. Pitts, 149 Tex. 214, 230 S.W.2d 211; Clingingsmith v. Bond, supra, [150 Tex. 419, 241 S.W.2d 616]. It was, therefore, incumbent upon appellant to establish that the joinder of appellees is necessary to enable him to obtain full and effective relief in the suit which he is entitled to maintain in Jasper County against Mr. and Mrs. Newman under Subdivision 3."

Another statement pertinent to exception 29a is found in McDonald, Texas Civil Practice, 1962 Cumulative Supplement, p. 146, which text cites Andretta v. West, Tex. Civ.App., 318 S.W.2d 768, wr. ref., n. r. e., as follows:

"Another statement of the requirement (where A is the defendant as to whom venue in the county is established and B the defendant pressing a plea of privilege) is that there 'must be pleadings and proof of (1) a joint cause of action' against A and B 'in which' B 'must necessarily be joined in order for' plaintiff 'to secure the full relief to which he might be entitled in the suit against' A; 'or (2) that' B has 'an interest in the suit which could be affected by any decree completely adjudicating the rights of' plaintiff and A; 'or (3) that no effectual decree could be rendered without joining' A and B."

In York Supply Company v. Dunigan Tool & Supply Co., Tex.Civ.App., 276 S.W. 2d 317, it was stated in part as follows:

"York Supply Company was not a necessary party to the suit against J. M. Lawrence as contemplated by the statute and as set out in the above rule. * * * There was no showing that the note was executed by York Supply Company or under its authority, nor was it shown that York Supply Company was the principal obligor and

that Lawrence had signed the note as surety. See Rules 31 and 163, Vernon's Texas Rules of Civil Procedure. Under such circumstances the plaintiff could have dismissed the case as to York Supply Company and proceeded to judgment against Lawrence alone. * * *

"The relief to which Dunigan Tool & Supply Company was entitled as against Lawrence, the defendant properly suable in Stephens County, was a money judgment. This relief could be had by a judgment against Lawrence alone. The absence of York Supply Company as a party to the suit was no bar to a judgment against J. M. Lawrence for the amount of the note. The York Supply Company was not, therefore, a necessary party in the strict sense that the suit against Lawrence could not be maintained in its absence. Nor was it a necessary party in the broader sense contemplated by subdivision 29a of the statute, according to the rule set out in the Byrd case, supra, [142 Tex. 257, 177 S.W.2d 774], which is controlling. See also Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Cockburn Oil Corp. v. Newman, Tex. Civ.App., 244 S.W.2d 845; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660; Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616."

In Cockburn Oil Corporation v. Newman, Tex.Civ.App., 244 S.W.2d 845, it was stated in part as follows:

"All the relief prayed for by appellee Newman or to which he was entitled as against Bardin, the defendant properly suable in Coleman County, was a money judgment against Bardin. This relief is obtainable in a suit in which appellant Cockburn Oil Corporation is not joined and appellant, therefore, is not a necessary party to such suit. Tarrant v. Walker, Chief Justice, 140 Tex. 249, 166 S.W.2d 900, 902; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660 (Com.). In the case of Tarrant v. Walker, supra, Judge Brewster said: 'Either defendant is liable for the damages suffered by Mrs. Tarrant, and she could have full satisfaction therefor by judgment and execution against either. All the relief to which the Tarrants are entitled as against The Texas Company can be so enforced in the district court of Polk County, under subdivision 23, Art. 1995, supra, without Gunter's presence as a defendant. Therefore, Gunter is not a necessary party to the suit within the meaning of subdivision 29a.'"

Also in connection with the rules of law announced by the York and Cockburn cases, supra, and authorities cited therein, see the following additional authorities: Lewis Boggus Motors Co., Inc., v. Hill, Tex.Civ. App., 340 S.W.2d 957, error dismissed; Coleman County Tel. Co-Op. v. Cunningham, Tex.Civ.App., 318 S.W.2d 461.

The only obligor on the written contract in question was defendant Crawford. Appellant McCormick who did not execute such written contract was not bound by such written contract either jointly or severally. While the written contract authorized venue against Crawford in Panola County under exception 5 it did not authorize venue against McCormick in Panola County under exception 5 inasmuch as he was not a party to the written contract. Appellee seeks recovery against Crawford on a written contract executed only by Crawford, and seeks recovery against appellant McCormick on oral agreements and oral assurances allegedly made by McCormick. The relief to which appellee was entitled as against Crawford, the defendant properly suable in Panola County under exception 5, was a monetary judgment and foreclosure of the mechanic's lien against the automobile in the possession of Crawford. This relief could be had by a judg-

ment against Crawford alone. The relief sought against McCormick was a monetary judgment. The absence of McCormick as a party to the suit was no bar to a monetary judgment against Crawford and the foreclosure of the mechanic's lien against Crawford's automobile in Crawford's possession.

We hold that under the authorities hereinbefore cited and under the record in this cause that appellant McCormick was not a necessary party to the suit here under exception 29a to the venue statute.

The judgment of the trial court is reversed and the cause as to defendant-appellant George McCormick, d/b/a McCormick Insurance is ordered transferred to a District Court of Dallas County, Texas.

Reversed and rendered.