DR. SALSBURY'S LABORATORIES et al.,
Appellants,

v.

Pinson BELL et al., Appellees.

No. 16430.

Court of Civil Appeals of Texas.

Dallas.

Dec. 11, 1964.

Rehearing Denied Jan. 15, 1965.

Pannell, Dean, Pannell & Kerry, Henry E. Kerry, Fort Worth, for appellants.

Passman, Jones, Stewart, Andrews & Hunter and Ronald M. Holley, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Sam Davidson, one of two defendants in a suit filed in Kaufman County by Pinson Bell and Mrs. Gladys W. Reese, has appealed from an order overruling his plea of privilege whereby he sought to have the suit as to him transferred for trial to McLennan County, where he resides.

The other defendant is Dr. Salsbury's Laboratories, an Iowa corporation, with its principal Texas office and place of business in Tarrant County, Texas. Salsbury's Laboratories also filed a plea of privilege and after its plea was overruled, filed a cost bond for appeal. However, it has not further prosecuted its appeal, so the appeal will be dismissed. We shall proceed to a consideration of the appeal of Sam Davidson.

Bell and Reese are partners engaged in the business of raising and marketing turkeys on a large scale. In 1961 they had more than 42,000 turkeys on their farms.

Sam Davidson has been a salesman for Dr. Salsbury's Laboratories for more than twenty-six years. His territory includes about thirty Texas counties. Bell and Reese had been acquainted with Davidson for several years.

Some time in 1961 Davidson called on Bell and Reese at their farms in Kaufman County and told them of a new bacterin, known as Pasteurella Avicida Bacterin. Both Bell and Mrs. Reese testified that Davidson represented and warranted that the new bacterin would permanently immunize appellees' turkeys from fowl cholera. By "permanently" appellees understood that Davidson meant that the bacterin would be effective for at least one year, since Bell and Reese did not keep any group of turkeys on their farms longer than a year.

Appellees ordered some of the new bacterin and in 1962 inoculated about 21,000 turkeys with it. Not long thereafter an outbreak of cholera of epidemic proportions broke out among the inoculated birds with the result that 7,508 of them died of the disease.

In their controverting affidavit appellees allege that their cause of action accrued in Kaufman County against Dr. Salsbury's Laboratories under Subdivisions 7, 9a, 23 and 27 of Art. 1995, Vernon's Ann.Civ.St., and that Sam Davidson is a necessary party to that cause of action. Therefore appellees contend that venue in Kaufman County may be retained as to Davidson under Subdivision 29a of Art. 1995, V.A.C.S.

In his first point on appeal appellant Sam Davidson says that Subdivision 29a is not applicable because he is not a necessary party to appellees' cause of action against Dr. Salsbury's Laboratories. We agree with appellant.

Appellees seek a joint and several judgment against Dr. Salsbury's Laboratories and Sam Davidson as joint tortfeasors. In Landers v. East Texas Salt Water Disposal Co. et al, 151 Tex. 251, 248 S.W.2d 731, 734,

our Supreme Court held that where the tortious acts of two or more wrongdoers produce an indivisible injury (that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers) the injured party may proceed to recover judgment for all his damages against all of the wrongdoers in one suit *or may proceed to judgment against any one separately*. Thus it is recognized that no wrongdoer is a necessary party to a suit against the other. See also Riley v. Industrial Finance Service Co., 157 Tex. 306, 302 S.W.2d 652. The rule has been applied to plea of privilege cases involving Subdivision 29a. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W. 2d 774; Breazeale v. Wyres, Tex.Civ.App., 290 S.W.2d 258; Solis v. Magnolia Petroleum Co., Tex.Civ.App., 307 S.W.2d 281; Coleman County Tel. Co-operative v. Cunningham, Tex.Civ.App., 318 S.W.2d 461; Liles v. Winters Ind. School Dist., Tex. Civ.App., 326 S.W.2d 182; Lewis Boggus Motors, Inc. v. Hill, et al, Tex.Civ.App., 340 S.W.2d 957; Muncy v. General Motors Corp., Tex.Civ.App., 357 S.W.2d 430, 437. Appellants' first point is sustained.

In a counterpoint appellees say that even if Sam Davidson is not a necessary party under Subdivision 29a of our venue statute the trial court correctly overruled Davidson's plea of privilege because venue properly lies in Kaufman County as to Davidson under Subdivisions 7 and 9a of the statute. These are the fraud and negligence exceptions. We agree with appellees as to Subdivision No. 7.

█ In their controverting plea appellees did not specifically name Subdivisions 7 and 9a as exceptions on which they relied. However, it was *not necessary* for them to do so if the facts alleged in their affidavit and the proof offered at hearing were sufficient to bring their cause of action within the terms of the exceptions. See 59 Tex.Jur.2d, 631–636 and cases there cited.

█ In their controverting affidavit appellees expressly refer to their original petition and adopt as true all the allegations therein contained for all purposes as though fully copied in their affidavit. This was sufficient. See 59 Tex.Jur.2d, 637–640 and cases there cited.

In their petition Bell and Reese allege that Davidson represented to them that the new bacterin (1) was a permanent vaccine against fowl cholera, (2) was much superior to broth vaccine, (3) would provide a full year's immunity from fowl cholera, and (4) would end appellees' cholera problems and would do away with cholera. The petition further alleged that the said representations were false as was known or should have been known to Davidson.

█ Ordinarily an agent is not personally liable in an action on a contract made by him for the benefit of his principal. McCoy v. Wichita Falls Motor Co., Tex. Civ.App., 207 S.W. 332. However, if an agent commits a tort or wrong while engaged in the business of his principal he will be held personally liable for his tort, though his principal may also be liable. Whitson Co. v. Bluff Creek Oil Co., Tex. Civ.App., 278 S.W.2d 339, 347; 2 Tex.Jur. 2d 612; Tipps v. Ferguson, Tex.Civ.App., 263 S.W. 330; 2 Tex.Jur.2d 612, 614; 99 A.L.R. 408. It has been held that to hold an agent liable for his misrepresentations it is necessary to show not only that the representations were false, but that the agent knew them to be false, or that the representations were positive assertions which indicated the agent had actual knowledge of the truth, whereas he knew he had no such knowledge. Wimple v. Patterson, Tex.Civ.App., 117 S.W. 1034; Foix v. Moeller, Tex.Civ.App., 159 S.W., 1048; Barton v. Cox, Tex.Civ.App., 176 S.W. 793 (rev. on other grounds, Tex.Com.App., 212 S.W. 652); 2 Tex.Jur.2d 614; 26 Tex. Jur.2d 15.

█ The testimony of Bell and Mrs. Reese supports the allegations in their peti-

**344**

tion. Davidson denies that he made the representations. If he did make them he must have known they were false, or at .least he must have made them as if he knew they were true. This is indicated by his testimony that fowl medicines are never guaranteed or warranted to be effective— sometimes they are effective, sometimes not. By overruling the plea of privilege the trial judge in effect found that Davidson did make the representations, thus establishing the venue facts necessary to maintain venue of the cause against Davidson in Kaufman County under Subdivision No. 7.

The appellees also alleged that Davidson was negligent in not apprising himself of the field experience and known liabilities and limitations of the new bacterin prior to representing it as a superior and permanent vaccines as he represented it to be. After reviewing the record we are of the opinion that appellees have not made out a case of negligence and proximate cause as required by Subdivision 9a.

We sustain appellees' counterpoint as to Subdivision 7, of Art. 1995. In so doing it must be understood that our holding applies only to the implied findings of the trial judge as venue facts for purposes of passing on Davidson's plea of privilege under Subdivision No. 7. Of course in a trial on the merits in order to recover judgment for damages, appellees must establish their allegations without regard to the venue facts found by the trial judge in the hearing on the plea of privilege.

Though we have held with regard to Subdivision 29a that Davidson was not a necessary party to appellees' cause of action against Dr. Salsbury's Laboratories, we have held that appellees did plead and prove venue facts as to Davidson himself under Subdivision 7. Therefore the judgment of the trial court is affirmed as to Davidson. The appeal of Dr. Salsbury's Laboratories is dismissed.