**DINA PAK CORPORATION et al.,
Appellants,**

v.

**MAY ALUMINUM, INC., Appellee.**

No. 289

Court of Civil Appeals of Texas.

Corpus Christi.
June 29, 1967.

Rehearing Denied July 20, 1967.

Allen Melton, Dallas, for appellants.

Quinnan H. Hodges of Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

## OPINION

GREEN, Chief Justice.

Plaintiff May Aluminum, Inc., filed suit against defendants Dina Pak Corporation and R. Drumwright Keys in the district court of Wharton County. From an order overruling their respective pleas to be sued in the county of their residence, to-wit, Dallas County, both defendants have appealed to this court. Subdivisions 5, 23, and 29a, Art. 1995, Vernon's Ann.Tex.St. are involved.

Plaintiff in its petition alleged that on the dates set out in itemized statements attached thereto as Exhibit A, consisting of 73 sheets or invoices, plaintiff at the special instance and request of defendants sold and delivered to defendants as buyers in the regular course of business during the year 1964 the goods, wares, merchandise, equipment, labor and services shown on said exhibit; that defendants became bound to pay plaintiff in accordance with invoices duly accepted by them the amount of $6,122.19, which debt is due and unpaid. It further alleged that the cause of action or a part thereof arose in Wharton County, the orders for the merchandise having been received and accepted in such county, and the goods, wares and merchandise having been manufactured and/or processed and the labor and services performed by plaintiff there. Additionally as to defendant Keys, plaintiff alleged that he had personally, both orally and in writing, guaranteed payment to plaintiff of all sums due or to become due it by defendant corporation on this account, and that plaintiff relied on such guaranties in furnishing defendants

the above goods and services. Such petition was properly verified as provided by Rule 185, T.R.C.P. Plaintiff's petition was made a part of its controverting and amended controverting affidavits, and the allegations of the petition were there repeated.

## SUBDIVISION 5, ART. 1995

Subdivision 5 reads:

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■■■ Under this provision, the essential *obligation* for venue purposes involving a written contract is that of payment, and where no place for payment is specified in the written contract no exception to the general rule of domicile is established. 59 Tex.Jur.2d, Venue, § 42, pp. 435 et seq.; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Magness v. Herider, Tex.Civ.App., 392 S.W.2d 383, n.w.h. We have carefully checked the entire statement of facts, including the invoices attached to the petition and the purchase orders made exhibits to the controverting affidavit, all of which were in evidence, and have found no written agreement whereby either defendant contracted in writing to perform any obligation, including the essential obligation of making payments, in any place in Wharton County. It is shown that the parties did business on written agreements. Defendants ordered merchandise, sometimes by purchase order, sometimes by telephone subsequently confirmed by purchase order. Upon shipment of merchandise ordered, plaintiff would invoice Dina Pak Corporation; Doyle May testified that plaintiff never billed anything until the goods were shipped. Neither the purchase orders, signed by Dina Pak and accepted by

plaintiff, nor the invoices executed by plaintiff and accepted by defendants, provided that payments should be made in any place in Wharton County. Had they stipulated for payment to be made in El Campo, where plaintiff's plant was located this court would take judicial notice that El Campo, though not the county seat, is in Wharton County. Harper v. Killion, 162 Tex. 481, 348 S.W.2d 521; Buckaloo Trucking Company v. Johnson, Tex.Civ.App., 409 S.W.2d 911.

In addition to testimony of oral guaranties of payment by defendant Keys of the account sued on, plaintiff placed in evidence two written contracts of guaranty signed by Keys. The first, executed in 1957, did not say anything as to where the payments should be made. This agreement was superseded by a subsequent contract of guaranty executed by Keys to plaintiff July 22, 1963, which expressly provided that any payments which may become due plaintiff by Keys by virtue of the guaranty shall be paid to plaintiff at Houston, Texas. There was no provision in the contracts of guaranty that Keys was obligated to make any payments in Wharton County.

■■■ We hold that there is no evidence in the record to support an implied finding of venue under Subdivision 5, Art. 1995.

## SUBDIVISION 23, Art. 1995

This subdivision as applicable here provides that "Suits against a private corporation, association, or joint stock company may be brought * * * in the county in which the cause of action or part thereof arose; * * *." It applies to venue of the suit as to the corporate defendant only, and requires proof (1) that such defendant is a private corporation, (2) that plaintiff has a cause of action against such defendant, and (3) that said cause of action or a part thereof arose in Wharton County. Danaho Refining Company v. Dietz, Tex.Civ.App., 378 S.W.2d 412.

■ The evidence is conclusive on both sides that defendant Dina Pak Corporation is a private corporation. Plaintiff's suit was based upon an open account for goods and merchandise founded on business dealings between the parties and for labor and materials furnished, and was supported by the affidavit of plaintiff in the form set out in Rule 185, T.R.C.P. Defendants, although filing, subject to their pleas of privilege, a sworn general denial, did not file the verified denial of the justness or truth of plaintiff's claim provided by Rule 185, T.R.C.P. Plaintiff's petition with the affidavit and exhibits was in evidence. In the absence of the sworn denial required in such instances by Rules 185 and 93, the sworn account shall be taken as evidence of the existence of plaintiff's cause of action, and defendant shall not be permitted to deny the claim or any item therein. Haney v. Henry, Tex.Civ.App., 307 S.W.2d 649.

■ A plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. A general denial in which defendants deny the allegations contained in Plaintiff's Original Petition and demand strict proof thereof, even though sworn to, does not comply with the requirements of Rule 185, and is insufficient to put in issue the justness or truth of plaintiff's sworn account.

Thus, without any further proof of the facts concerning plaintiff's claims, the verified account as alleged and shown by plaintiff's pleadings was sufficient to show the existence of a cause of action.

In making proof of its cause of action, however, plaintiff did not rely entirely on Rule 185. Much evidence was introduced which showed that defendant corporation did order from plaintiff, and that plaintiff did make and furnish such defendant (plaintiff's pleadings and evidence also included Keys jointly with his corporation as its customer) the materials and merchandise itemized in the purchase orders, and that the amount sued for was due and unpaid.

■ It remained for plaintiff to prove by evidence that part of the cause of action arose in Wharton County. Plaintiff's plant was located in Wharton County; in pursuance to telephone calls to plaintiff and purchase orders received by plaintiff in such county the articles ordered were manufactured by plaintiff in Wharton County, on special orders of defendants, and sometimes picked up by defendants there, and at other times sent from there to defendants either c.o.d. or f.o.b.; in December, 1963, Keys, president of the corporate defendant, made a trip to El Campo, Wharton County, and discussed with plaintiff the casting of dies, manufacture of products, credit matters, and general business dealings between the parties. The evidence amply supports the implied finding of the trial court that a part of the cause of action against the corporate defendant arose in Wharton County, and venue of the case as to defendant Dina Pak Corporation was properly retained in the district court of Wharton County under Subdivision 23. Alamo Products Company v. French, Tex.Civ.App., 316 S.W.2d 765, n.w.h.; Lone Star Gas Company v. Coastal States Gas Producing Company, Tex. Civ.App., 388 S.W.2d 251, n.w.h.; Traders Oil Mill Co. v. Arnold Bros. Gin Co., Inc., 225 S.W.2d 1011, n.w.h.; First Trust Company v. Good Land Lumber Company, Tex.Civ.App., 297 S.W.2d 312, n.w.h.; Cactus Petroleum Company v. Summers, Tex. Civ.App., 319 S.W.2d 729, writ dism.

SUBDIVISION 29a, Art. 1995

This exception to the general rule that a defendant is entitled to be sued in the county of his domicile reads:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such de-

fendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Since this suit is lawfully maintainable in Wharton County as to the defendant Dina Pak Corporation under subdivision 23, then, under the provisions of subdivision 29a, supra, it may be maintained there against defendant R. Drumwright Keys *provided such defendant has been shown to be a necessary party thereto.* The burden was on plaintiff to plead and prove that Keys was in fact a necessary party. Shaw v. Allied Finance Company, Tex.Sup.Ct., 337 S.W.2d 107; Ladner v. Reliance Corp., supra.

A "necessary party" to a suit, as used in subdivision 29a, is one whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can be thus retained in that county. Ladner v. Reliance Corp., supra. The relief to which plaintiff was entitled against Dina Pak Corporation, the defendant properly suable in Wharton County, was a money judgment. McCormick v. Vernon Butler Chevrolet Company, Tex.Civ.App., 372 S.W.2d 757; York Supply Company v. Dunigan Tool & Supply Co., Tex.Civ.App., 276 S.W.2d 317; Cockburn Oil Corp. v. Newman, Tex.Civ.App., 244 S.W.2d 845. This relief is obtainable by plaintiff in the suit against the corporate defendant without the joinder of Keys as defendant. The fact that plaintiff alleged and testified that the merchandise was sold to Keys as well as to Dina Pak on the basis of Keys' promise to pay for them would not constitute Keys a necessary party to the suit in Wharton County. Neither would Keys' written contract guaranteeing payment up to $10,000.00 of Dina Pak's account.

We hold that defendant Keys was not a necessary party to plaintiff's suit in Wharton County under the definition of that term given by the Supreme Court, supra, and as contemplated by subdivision 29a, Art. 1995, V.A.T.S., and that such de-

fendant was and is entitled to his legal right of having this suit as against him transferred to his home county of Dallas. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Weaver v. Acme Finance Company, Tex.Civ.App., 407 S.W.2d 227; Pepsi-Cola Company v. Spangler, Tex. Civ.App., 401 S.W.2d 923; Dr. Salsbury's Laboratories v. Bell, Tex.Civ.App., 386 S.W.2d 341; Panhandle Steel Erectors, Inc. v. Whitlow, Tex.Civ.App., 359 S.W.2d 146; Liles v. Winters Independent School District, Tex.Civ.App., 326 S.W.2d 182; Lewis Boggus Motors, Inc. v. Hill, Tex. Civ.App., 340 S.W.2d 957; Smith v. First Nat. Bank in Groveton, Tex.Civ.App., 146 S.W.2d 270; Foster v. Pace Packing Company, Tex.Civ.App., 269 S.W.2d 929.

Judgment is affirmed as to the defendant Dina Pak Corporation, and reversed and rendered sustaining the plea of privilege of defendant R. Drumwright Keys and transferring the case against him to one of the district courts of Dallas County, Texas. Costs of appeal are assessed equally, against appellant Dina Pak Corporation and appellee May Aluminum, Inc.