**Sam KIRTLEY, Appellant,**

v.

**W. L. MORRISS et al., Appellees.**

No. 18127.

Court of Civil Appeals of Texas, Dallas.

June 21, 1973.

R. Chris Harvey, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Kurt Phillipus, Morgan & Shumpert, Kaufman, for appellees.

BATEMAN, Justice.

This appeal involves only questions of venue. The suit arose out of a head-on collision between an automobile and a pickup truck in Kaufman County. Mrs. Edith Jenkins Morriss was the driver and Mrs. Birdie Coil a passenger in the automobile, and both received fatal injuries. The occupants of the pickup truck sustained non-fatal injuries. Two suits were filed in Kaufman County, one by W. L. Morriss, surviving husband of Mrs. Edith Jenkins Morriss, and the other by the children of Mrs. Coil. Both were against J. B. Kirtley, driver of the pickup truck, and Sam Kirtley, principal stockholder of the corporation that owned the pickup truck. Sam Kirtley filed pleas of privilege to be sued in Tarrant County, where he resided. The cases were consolidated, and Sam Kirtley's plea of privilege was overruled. He appeals on four points of error.

By his first three points of error appellant attacks the order overruling his plea of privilege on the ground that appellees failed to establish venue under any exception to exclusive venue in the county of appellant's residence and, in particular, under subdivision 9a of Vernon's Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964), as follows:

> "9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:
>
> 1. That an act or omission of negligence occurred in the county where suit was filed.
>
> 2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.
>
> 3. That such negligence was a proximate cause of plaintiff's injuries."

The only cause of action against appellant alleged by the plaintiffs was that he was negligent in entrusting the pickup truck to J. B. Kirtley when he "knew or should have known that J. B. Kirtley was a habitual violator of the traffic laws of the State of Texas," which negligence, coupled with that of J. B. Kirtley in operating the pickup truck, was the proximate cause of the collision.

The evidence showed without dispute that appellant gave his cousin, J. B. Kirtley, permission to drive the pickup truck and that this act of entrustment took place wholly in Dallas County, Texas. There is no evidence that the entrustment or any part thereof took place in Kaufman County.

In Leonard v. Abbott, 366 S.W.2d 925 (Tex.Sup.1963), the Supreme Court answered the following question in the negative:

> "In other words, may a suit against a defendant or defendants whose negligent acts in one county cause damages in another county be tried in the county in which the damage occurred, even though it is not the residence of the defendant or defendants, for the damages resulting from the negligent act?"

The court pointed out that subdivision 9a uses the phrase "in the county where the act or omission of negligence occurred." The court further said that an act can only occur where the act actually takes place; that the word "occur" does not include the results of the occurrence, "but only the taking place, happening, or coming to pass." We think the opinion in *Leonard* is controlling here.

■■ Although appellees in their controverting pleas relied only on subdivision 9a of Article 1995, in their brief they argue alternatively that they were entitled to maintain their suit against appellant in Kaufman County under the provisions of subdivision 29a of Article 1995, as follows:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

This contention of appellees, we think, is without merit.

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900." Alexander, C. J., in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775 (1944).

See also Moreland v. Hawley Ind. School Dist., 140 Tex. 391, 168 S.W.2d 660 (1943). Appellees could have full satisfaction for their damages by judgment and execution against J. B. Kirtley. Sam Kirtley was, therefore, not a "necessary party" and his plea of privilege should have been sustained. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1943). There was no evidence to establish joint responsibility, and appellees were under the burden of proving that no effectual decree could be rendered between them and J. B. Kirtley without joining appellant. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 764 (1956); Loop Cold Storage Co. v. South Texas Packers, Inc., 491 S.W.2d 106 (Tex.Sup.1973). This burden was not carried.

For the reasons given, we sustain appellant's first three points of error. This makes it unnecessary for us to consider his fourth point, which attacks the order overruling his plea of privilege in the absence of evidence that he owned the entrusted vehicle.

The order overruling appellant Sam Kirtley's plea of privilege is reversed, and judgment is here rendered sustaining the plea of privilege and ordering the case against him transferred to one of the district courts of Tarrant County, Texas.