**C. T. FLEWELLEN, Appellant,**

v.

**BROWNFIELD STATE BANK & TRUST COMPANY OF BROWNFIELD, Texas, Appellee.**

**No. 8482.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 16, 1974.

Grady, Johnson, Smith & Blakeley (Thomas A. Blakeley, Jr.), Dallas, for appellant.

McGowan, McGowan & Hale (Bill McGowan), Brownfield, for appellee.

ELLIS, Chief Justice.

C. T. Flewellen, one of the defendants in a suit brought by Brownfield State Bank

& Trust Company of Brownfield, Texas, in the District Court of Terry County, Texas, wherein the bank seeks adjudication of its asserted rights and its claim for injunctive relief with respect to certain cotton grown by defendant George W. Weiss and held by the defendant Texas Compress and Warehouse Company, has appealed from a judgment overruling his plea of privilege to have the suit transferred to Lubbock County, Texas, the county of his residence. The bank seeks to consummate a foreclosure in accordance with the provisions of its perfected security agreement covering such cotton as collateral to secure indebtedness owing to it by defendant Weiss, and pursuant to the Uniform Commercial Code, while Flewellen claims the cotton by reason of alleged contracts of purchase of the cotton from Weiss. The judgment overruling the appellant's plea of privilege is affirmed.

This suit was originally instituted by Brownfield State Bank & Trust Co. against C. T. Flewellen and Texas Compress and Warehouse Company, a corporation. The pleadings originally filed were styled "PETITION FOR PERMANENT INJUNCTION SEEKING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION." The plaintiff bank subsequently filed its amended pleading styled "AMENDED PETITION FOR PERMANENT INJUNCTION," naming Flewellen, the warehouse company and George W. Weiss as defendants. In the amended pleading forming the basis of the bank's claims in the venue proceedings, it is alleged that on March 14, 1973, Weiss executed a security agreement in favor of the bank covering, as collateral, certain irrigated cotton and irrigated feed to be grown on designated land in Terry and Dawson Counties, Texas to secure indebtedness owed by Weiss to the bank.

In the amended petition it is also alleged that in the early part of November, 1973, the plaintiff became aware that Weiss had apparently contracted to sell a part of his cotton production from the land described in the security agreement to the defendant C. T. Flewellen; that after investigation, the plaintiff made the determination that by reason of the purported contract, the debtor Weiss' obligations to the bank were insecure; and that pursuant to the provisions of the security agreement, the debtor Weiss was directed by letter to deliver to the bank all of the cotton produced from the lands covered by the financing statement and its security agreement, such delivery to be accomplished by transferring the Smith-Doxey Classification cards and compress receipts by endorsement to the bank. It is further alleged that the bank is in possession of warehouse receipts delivered to it by Weiss pursuant to the directions of the plaintiff exercising the rights granted to it under the terms of the security agreement, and assumes that there will be other bales of cotton delivered to it pursuant to the directions of the plaintiff bank under the terms of the security agreement; and that it is entitled to exercise its rights to demand and receive from Weiss the evidences of title of the cotton harvested from the lands covered thereby and to dispose of the collateral, all as provided in the security agreement and under the Texas Uniform Commercial Code, and to receive the proceeds from the sale of such collateral and apply the same to the reduction of the indebtedness due and owing to it by Weiss.

Further, the bank alleged that it has been effectively prevented from disposing of the cotton because of Flewellen's request by letter to the defendant warehouse company not to ship such cotton harvested by Weiss until settlement was reached on the contracts between Weiss and Flewellen; that the defendant warehouse company has acceded to such request and refuses to deliver the collateral of the security agreement of the plaintiff bank to the bank or to its order; and that the defendant warehouse company and Flewellen thereby converted such cotton in possession of the warehouse to their own use and benefit and are individually and jointly liable to the bank for the value of the cotton so

converted on the dates that it became available to the bank for sale and disposition.

Additionally, the bank alleged that Weiss was made a party defendant to this action for the purpose of determining the right of the bank to have a decree of the court that it has the right to demand delivery of the collateral to it, and to dispose of the collateral in accordance with the terms of the security agreement executed by him in favor of the bank and under the Texas Uniform Commercial Code. It is further alleged that if the contracts between Weiss and Flewellen are fulfilled by Weiss, and he receives only the value of the cotton according to the terms of such contracts, the proceeds from the sale of all the cotton belonging to Weiss and secured by the security agreement would be insufficient to pay the bank the indebtedness secured by the security agreement, thereby defeating the collection by the bank of its indebtedness due and owing by Weiss.

By the prayer of the amended petition, the bank seeks a decree of the trial court (1) allowing the plaintiff to dispose of the collateral for its security agreement and to apply the proceeds toward the reduction of the Weiss indebtedness due to the bank; (2) ordering the defendant warehouse to deliver the cotton to the purchaser from the plaintiff bank; and (3) enjoining the defendants Flewellen and Weiss from interfering in any manner with the sale of the cotton by the bank. Also, it seeks attorney's fees and costs of suit.

Following the filing of plaintiff's original pleading, defendant C. T. Flewellen filed his plea of privilege seeking to have the cause transferred to Lubbock County, Texas, the county of his residence. After filing its amended petition, the plaintiff filed its amended controverting plea seeking to maintain venue in Terry County, Texas, under subdivisions 4, 5, 23 and 29a of Article 1995, Vernon's Ann.Civ.St.

Also, the warehouse company filed a plea of privilege to be sued in Lubbock County, Texas. Subsequently, such plea of privilege was overruled by the trial court pursuant to communication to the court by the defendant warehouse company through its attorney that it no longer desired to urge its plea of privilege and requesting that such plea be overruled by order of the court. Further, defendant warehouse by its interpleader disclaimed any interest in the disputed cotton and made Weiss, the bank and Flewellen all parties defendant in the interpleader suit, and alleged that it will deliver the cotton to whichever of the above named parties that the court determines is entitled to such cotton. Defendant Weiss answered by general denial and by way of a cross action against the warehouse company and Flewellen alleging a collusive and conspiratorial effort to place him in a disastrous financial condition by seeking to convert the cotton to their own use, and sought recovery of actual and exemplary damages against the warehouse company and Flewellen.

The trial court, upon hearing, overruled defendant Flewellen's plea of privilege. Flewellen requested, and the trial court filed, findings of fact and conclusions of law. From the judgment entered the appellant predicated his appeal on four points of error, contending that the primary purpose of the suit is injunctive relief and therefore venue in this case is controlled by the mandatory provisions of Article 4656, Vernon's Ann.Civ.St.; and that venue cannot be maintained in Terry County under either subdivisions 4, 5, or 29a of Article 1995. Further, in connection with his point of error relative to appellee's contentions that venue should be maintained in Terry County under subdivision 29a, the appellant insists also that venue cannot be maintained under subdivision 23 as contended by appellee.

In appellant's first point, he insists that the primary relief sought by the

bank is injunctive in nature and that venue must be maintained in Flewellen's home county under Article 4656, V.A.C.S., which provides:

> "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

It is recognized that Article 4656 is a mandatory venue provision and when injunctive relief is the principal relief sought by the action, it takes precedence over the usual venue exceptions of Article 1995, V.A.C.S. Fidelity Union Life Insurance Co. v. Evans, 477 S.W.2d 535 (Tex.1972); Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (1957). However, Article 4656 is not applicable, and the general venue statute controls, where the primary object of the action is relief other than injunctive, and the restraint sought is purely incidental or ancillary. 1 McDonald, Texas Civil Practice § 4.25.1, at 509. It is well settled that on a venue hearing the plaintiff's petition determines the nature of the suit. See Hidalgo and Cameron Counties Water Control and Improvement District No. 9 v. Maverick County Water Control and Improvement District No. 1, 349 S.W.2d 768 (Tex.Civ. App.—San Antonio 1961, writ dism'd). Further, the effect of a pleading is not determined by its caption, but by its contents and evident purposes for which it is offered. Staley v. Western Steel Wire & Pipe Co., 355 S.W.2d 565 (Tex.Civ.App.—

Dallas 1962, writ ref'd n. r. e.); Ramirez v. Flores, 505 S.W.2d 406 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.).

■ In support of the contention that the principal relief sought under the plaintiff's amended petition is injunctive in nature, the appellant has cited various cases in which the petition clearly demonstrated that the relief sought was primarily injunctive and wherein the petitioner had chosen the equitable remedy for his primary relief and did not involve the establishment by decree of the legal rights of adverse claimants of property as is the situation in the instant case. It is our opinion that such authorities are inapplicable here. Although the appellee's pleading is entitled "Amended Petition for Permanent Injunction," when the allegations and prayer of the amended pleading are considered in their entirety, it is apparent that the plaintiff bank seeks a decree concerning its right of possession and disposition of the cotton held by the warehouse company which the bank claims under its perfected security agreement with Weiss who grew the cotton and which Flewellen claims under his contracts of sale with Weiss. The petition demonstrates that the principal and primary relief sought is to establish by the court's decree the correlative rights of the plaintiff and the defendants for possession and disposition of the cotton grown by Weiss, and the respective priorities thereto, and that the injunctive relief sought is only incidental to such main relief and to protect and enforce the rights so established.

In view of the foregoing it is our opinion that the mandatory provisions of Article 4656 are inapplicable to the determination of venue in this case. Appellant's first point is overruled.

■ The appellant contends in his second point that venue cannot be maintained against Flewellen under subdivision 4 of Article 1995. Subdivision 4, provides:

> ". . . If two or more defendants reside in different counties, suit may be

brought in any county where one of the defendants resides."

In order to establish venue under subdivision 4, it was appellee's burden in the trial court to establish (1) that one defendant resides in the county of the suit; (2) that the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) that the plaintiff has a bona fide claim against the resident defendant. 1 McDonald, Texas Civil Practice § 4.10.2 (Rev.1965), at 434. It is undisputed that defendant Weiss is a resident of Terry County, the county in which the suit was instituted. As we have previously determined, the primary purpose of this suit is for possession of the cotton which the bank claims under its perfected security agreement with Weiss, pursuant to the provisions of the Uniform Commercial Code, and which Flewellen claims under his contract of sale with Weiss. Any determination of this primary question must necessarily take into consideration the claim arising from the alleged contracts for the sale and purchase of the cotton between Flewellen and Weiss. Further, the cotton was grown by Weiss, the resident defendant, and the principal debt was created by Weiss and it is he who will be benefited or harmed by the consummation of the foreclosure. In addition, defendant Weiss is the party alleged to be in default, and any action must necessarily include a party alleged to have been the defaulting party. The security agreement, executed by Weiss in favor of the bank, and the alleged contracts of sale of the cotton, to which Weiss and Flewellen are parties, along with the letter commencing the foreclosure action by the bank and the letter from Flewellen to the warehouse company which served to prevent the consummation of the bank's foreclosure proceedings, were introduced in evidence at the plea of privilege hearing. Also, testimony was given by Bruce Zorns, the bank's president, that a debt was owed to the bank by Weiss and that Weiss was in default under the security agreement. Thus, it appears that the plaintiff bank has established a claim to the property and that as a party to all transactions involved in this controversy, as well as the grower of the cotton, defendant Weiss must necessarily be a party in interest and at least a bona fide claim has been established against him. Also, it is well settled that under subdivision 4 suit may be maintained in the county of the domicile of one defendant against all other defendants not domiciled there who are proper parties. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347 (Tex. Com.App.1933, opinion adopted). 1 McDonald, Texas Civil Practice, supra, § 4.-10.1. Further, it has been held that a defendant is a proper party under subdivision 4 if the plaintiff's petition shows that the cause of action against the resident defendant and non-resident is so intimately connected that they should be joined to avoid a multiplicity of suits. Stockyards Natl. Bank v. Maples, 127 Tex. 633, 95 S. W.2d 1300 (Tex.Com.App.1936); State Farm Mutual Automobile Ins. Co. v. White, 461 S.W.2d 476 (Tex.Civ.App.— Tyler 1970, no writ). Since Flewellen claims his interest in the cotton through his contracts with Weiss, it is our opinion that Flewellen is at least a proper party to the claim against Weiss, the resident defendant. We hold that the plaintiff has satisfied the requirements of law for maintaining venue of this suit in Terry County under subdivision 4 of Article 1995. Appellant's second point is overruled.

Since we have determined that venue in this case is maintainable in Terry County under subdivision 4, we do not reach or consider appellant's remaining points of error. Accordingly, the judgment of the trial court is affirmed.