Kedrick E. **MULLINS**, Appellant,

v.

**BEXAR COUNTY HOSPITAL DISTRICT**, Appellee.

No. 15485.

Court of Civil Appeals of Texas, San Antonio.

March 17, 1976.

Rehearing Denied April 7, 1976.

---

2. In this connection see *Duke v. Duke*, 448 S.W.2d 200 (Tex.Civ.App.1969, no writ).

Aubrey Jay Flowers, San Antonio, for appellant.

George H. Spencer, Clemens, Weiss, Spencer & Welmaker, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Kedrick E. Mullins, appeals from a judgment, rendered by the trial court notwithstanding jury findings favorable to him, denying his claim to recover from defendant, Bexar County Hospital District, damages caused by the fact that plaintiff contracted a thrombophlebitis infection while he was a patient at a hospital operated by defendant.

While plaintiff was being treated at the hospital for gastro-intestinal bleeding caused by an ulcer, it became necessary to give him a blood transfusion. A plastic catheter was inserted into a vein in plaintiff's left arm, and the catheter was connected by a piece of plastic tubing to the receptacle containing the blood or blood plasma solution which was being introduced into the vein. The equipment for the transfusion and the process of transfusion are both referred to in the testimony as the "intravenous" or "I.V."

It is undisputed that during the I.V. the vein in plaintiff's left arm became inflamed at the point where the catheter had been inserted. The condition was diagnosed as "an infectuous thrombophlebitis caused by a staphylococcus," and the testimony is to the effect that the "supposition would be that the staphylococcus entered through the catheter site—through the intravenous catheter site . . . because the involvement was in the vein proximal to that intravenous site and isolated to that area."

The jury found that the negligence of the hospital in failing to provide "uncontaminated intravenous instruments" was the proximate cause of the thrombophlebitis.

The action of the trial court in rendering judgment for defendant in the face of jury findings favorable to plaintiff can be sustained only if an examination of the testimony reveals that there is no evidence of probative force supporting the jury's findings. That is, the only question before us is whether the evidence was of sufficient probative force to raise questions of fact for submission to the jury, regardless of the weight of the testimony supporting findings contrary to those made by the jury. The applicable standard requires that we view the evidence in the light most favorable to the jury findings, indulging any inferences which may properly be drawn from the evidence in support of such findings, and disregarding all evidence to the contrary. *Hart v. Van Zandt,* 399 S.W.2d 791 (Tex.1965).

The only testimony concerning the possible source of the infection was given by Dr. Harrington, one of the physicians who treated plaintiff. He was asked a hypothetical question inquiring whether, assuming the existence of facts summarized in the question, in his opinion, "based simply upon a reasonable degree of medical certainty, as to whether or not the IV or the blood that was administered through infusion through the IV was or could have been contaminated and probably caused the thrombophlebitis condition?" Instead of answering this question, the witness asked whether he was being asked if "that's my assumption?" Counsel then stated, "I want you to give me your opinion as to whether or not this could be a probable cause." The witness answered, "I think that's a probable cause, yes."

A plaintiff seeking to impose liability on a hospital or physician for infection contracted following treatment must, in order to discharge his burden concerning proximate cause, show the source of the infection.

The expert testimony in this case, at best, shows that the infection was probably caused by the contamination of the I.V. apparatus or the contamination of the blood which was being injected into plaintiff. Under these circumstances, the jury could

do no more than guess or speculate as to which was, in fact, the cause of the infection, and it was improper to permit the jury to make the choice. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949).

This is not a case where the testimony effectively eliminated one of the two possible causes. No test was made of the blood being infused, and there is no testimony relating to its condition. Nor is there any testimony whatever pointing to the unsterile condition of the catheter or the other I.V. equipment as the more probable cause, since no tests were made of the catheter.

It must be concluded that there is no evidence to support the finding that defendant failed to provide uncontaminated intravenous instruments.

The judgment of the trial court is affirmed.