**Dr. Olan KEY, Appellant,**

v.

**John B. DAVIS and wife, Alice Davis, Appellees.**

**No. 8769.**

Court of Civil Appeals of Texas, Amarillo.

July 25, 1977.

Strausburger, Price, Kelton, Martin & Unis, Stuart C. Hollimon, Dallas, for appellant.

W. Hugh Harrell, Lubbock, for appellees.

ELLIS, Chief Justice.

In this venue case, Dr. Olan Key, one of three defendants in a medical malpractice case, has appealed from an order overruling his plea of privilege to be sued in Howard County, the county of his residence. The suit was filed in Lubbock County. Doctor Key's plea was controverted by the plaintiffs, John and Alice Davis, and subsequently overruled by the trial court. On appeal, the defendant challenged the applicability of subdivisions 3, 4, 9a or 29a of the venue statute to the facts of this case. We reverse the order overruling Key's plea of privilege and render judgment transferring the action against Key to the district court in Howard County.

The acts alleged to constitute malpractice occurred in 1974. On May 6 of that year, Dr. Gerald L. Woolam examined the plaintiff, Alice Davis, in connection with her complaint of pain in her lower left abdomen radiating into her right abdominal quadrant. Doctor Woolam and Doctor Key (the appellant) had become associated in an alleged partnership arrangement in 1968. Woolam testified that this partnership continued until April of 1974, and that he (Woolam) executed a partnership dissolution agreement effective May 1, 1974. He did not know whether Key had signed the dissolution instrument. Because of the doctors' alleged partnership relationship the plaintiffs have sought to impose liability upon Doctor Key.

The examination by Doctor Woolam and subsequent testing did not reveal the cause of Mrs. Davis' pain. Woolam then told Mrs. Davis that he could attempt to control the pain with more medication or he could perform an exploratory operation in which he would attempt to correct any condition that might be causing the pain. In discussing the operation option with her, Woolam in-

formed Mrs. Davis of the most common complications which might occur, although he did not warn her that she might lose the use of a limb. The patient opted for the operation and the plaintiffs' petition reveals that the operation occurred on or about May 13, 1974.

Doctor Woolam performed the operation with the assistance of Dr. David Mangold. At the time, Mangold had just graduated from medical school and was practicing with only a temporary medical license. Doctor Key, the appellant, did not participate in the surgery.

During the course of the surgery, Woolam discovered a lumbar hernia below Mrs. Davis' twelfth rib. Believing this might be the cause of her pain, he repaired the hernia by sewing a material called Marlex mesh over the hernia. The plaintiffs have alleged that Woolam negligently injured the femoral nerve while repairing the hernia. According to the petition, this injury resulted in a permanent disability.

This medical malpractice suit was brought in Lubbock County and names Doctors Woolam, Mangold and Key, the appellant, as defendants. Doctor Key's plea of privilege was controverted on the bases of Tex.R.Civ.Stat.Ann. art. 1995, subd. 3, 4, 9a and 29a. The trial court overruled the plea of privilege, but did not enter findings of fact and conclusions of law. Under these circumstances, the judgment of the trial court should be upheld if there is sufficient evidence in the record to sustain venue under any of the subdivisions pleaded. *Loomis v. Sharp*, 519 S.W.2d 955 (Tex.Civ.App.–Texarkana 1975, writ dism'd).

The first subdivision pleaded was subdivision 3 which applies to venue cases involving multiple defendants. In his first two points of error, Key has argued that the evidence is legally and factually insufficient to sustain venue under this subdivision. To establish venue under this exception, the plaintiff is required to plead and prove: (1) that the plaintiff is a resident of the county of suit, and (2) that the residence of at least one defendant is outside

Texas or such residence was unknown to the plaintiff at the time the suit was filed. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956); *Hill v. Melton*, 311 S.W.2d 496 (Tex.Civ.App.—Dallas 1958, writ dism'd); 1 R. McDonald, Texas Civil Practice in District and County Courts, § 4.09 at 430 (1965). Even if these venue facts are established, subdivision 3 will not hold venue against a plea of privilege asserted by a Texas resident not residing in the county of the suit (such as Key) unless it is shown that he is a necessary party to the suit under subdivision 29a. As will be later shown, Doctor Key is not such a necessary party.

At the venue hearing only Doctor Woolam testified. No evidence that the plaintiffs reside in Lubbock County was presented. In their brief, the plaintiffs state that this fact was "uncontroverted." At the venue hearing, however, the plaintiff has the burden to prove his venue facts by affirmative extrinsic evidence; mere allegations are insufficient. *Ladner v. Reliance Corp., supra; see,* 1 McDonald § 4.55 at 610–615. The residence of the plaintiff is a venue fact which must be proved at the venue hearing. *Ward v. Davis*, 262 S.W.2d 533 (Tex.Civ.App.—Waco 1953, no writ); 1 McDonald § 4.09 at 432. The plaintiffs' proof at the hearing failed to establish this venue fact.

In addition, there is no evidence that any defendant is a nonresident of Texas or that the plaintiffs did not know the residence of any defendant at the time they filed this suit. If the plaintiffs wished to rely on subdivision 3, it was incumbent upon them to prove that one of the defendants was a nonresident or that the residence of at least one defendant was unknown. *Graham v. Huff*, 384 S.W.2d 904 (Tex.Civ.App.—Dallas 1964, no writ). Although the plaintiffs have alleged that the residence of Doctor Mangold was unknown, they failed to prove this fact at the venue hearing. In fact, the transcript reflects that Mangold was served with process exactly where the plaintiffs requested he be served. It is our opinion that venue as to Doctor Key has not been

established in Lubbock County under subdivision 3.

The second subdivision pleaded in the plaintiffs' controverting plea was subdivision 4, which also applies to multiple defendants. In his third and fourth points of error, Doctor Key has argued that the evidence was legally and factually insufficient to sustain venue under this venue exception. To maintain venue under this subdivision, the plaintiff must prove: (1) one defendant resides in the county of suit, and (2) the party asserting the privilege is at least a proper party to the claim against the resident defendant, and (3) a bona fide claim against the resident defendant. *Flewellen v. Brownfield State Bank & Trust Co.*, 517 S.W.2d 384 (Tex.Civ.App.— Amarillo 1974, no writ); 1 *McDonald* § 4.10.2 at 434.

At the venue hearing the plaintiffs produced no evidence that any of the three defendant doctors presently resides in Lubbock County. Although the partnership agreement between Doctors Woolam and Key recites that, as of 1968, both Key and Woolam were "of Lubbock, Texas," proof of their 1968 residence does not establish their residence in 1976. None of this evidence establishes the present domicile of Woolam or Key. Because the plaintiffs failed to prove at the venue hearing that any of the three doctors was a Lubbock County resident, venue in Lubbock County cannot be sustained under subdivision 4.

Furthermore, the plaintiffs did not prove they have a bona fide claim against any resident defendant. As noted above, this is a venue fact to be established under subdivision 4, and facts establishing a cause of action for venue purposes must be proven just as any other facts where a cause of action is required to be proved. *Victoria Bank & Trust Co. v. Monteith*, 138 Tex. 216, 158 S.W.2d 63 (Tex.Com.App.1941, opinion adopted); *General Motors Corp. v. Courtesy Pontiac, Inc.*, 538 S.W.2d 3 (Tex.Civ.App.— Tyler 1976, no writ). It is the plaintiffs' position that Doctor Woolam is a resident of Lubbock County and that he committed malpractice in performing surgery on Alice Davis in such manner as to injure her femoral nerve.

In a malpractice case, the plaintiff has the burden of proving that (1) the defendant was negligent, and (2) the negligence proximately caused the plaintiff's injury. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). These two elements must be proven by a doctor of the same school of medicine as the defendant and they may not be left for speculation. *Porter v. Puryear*, 153 Tex. 82, 262 S.W.2d 933 (1954); *Mullins v. Bexar County Hospital Dist.*, 535 S.W.2d 44 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

In the case before us, the only doctor to testify was Doctor Woolam. He recognized that Mrs. Davis experienced problems with her leg after her operation. He also recognized that it was certainly possible for a person to receive an injury to the femoral nerve during exploratory surgery, but that such complications were uncommon. Doctor Woolam testified that he had not reviewed lumbar hernia repairs before the operation. Woolam also stated that he had learned from another doctor that scar tissue had been found around Mrs. Davis' femoral nerve during a reparative operation subsequent to the hernia repair.

Doctor Woolam, however, also testified that he had not determined that anything he did during the operation did any damage to the femoral nerve. In fact, the femoral nerve is not even in the same region where Woolam and Mangold repaired the lumbar hernia. As for the scarring, Woolam testified to seven possible explanations—all unrelated to the operation—for the scarring. Woolam did not know whether any scar tissue had been present at the time he operated on Mrs. Davis. Woolam indicated that the problems Mrs. Davis experienced after the operation could have resulted in spite of the exercises of ordinary care; he never gave any opinion to the effect that he failed to exercise ordinary care.

We have concluded that the plaintiffs produced no evidence of negligence or proximate causation. When Woolam's testimo-

ny is distilled, the substance of his testimony is that Alice Davis developed some leg problems after her operation and that these problems were not common after such operations. Without more, we cannot say that the plaintiffs established a bona fide cause of action against Doctor Woolam. Because there is no evidence that Doctor Woolam is a resident of Lubbock County and no evidence of a bona fide claim against him, venue as to the action against Doctor Key cannot be maintained in Lubbock County.

The plaintiffs also pleaded subdivision 9a of article 1995. In points 5 and 6, Doctor Key has challenged the legal and factual sufficiency of the evidence supporting the court's order on this ground. Subdivision 9a allows a plaintiff to sustain venue in a negligence case in the county where the negligence occurred. The venue facts which may cause this subdivision to become effective are: (1) an act or omission of negligence occurred in the county in which the suit was filed, (2) the act or omission was that of the defendant of one acting for him, and (3) the negligence was a proximate cause of plaintiff's injuries. 1 McDonald § 4.17.2 at 476–80. As set out above, there is no evidence that Doctors Woolam or Mangold were negligent in performing the operation. Likewise, there is no evidence that Key, who did not even participate in the operation, committed any acts or omissions of negligence. For these reasons, venue under subdivision 9a cannot be maintained as to the action against Doctor Key in Lubbock County.

The last subdivision pleaded by the plaintiffs is 29a. Venue facts under this subdivision are: (1) venue is proper as to at least one defendant under some exception to the general venue rule, and (2) the defendant asserting the privilege must be a necessary party to the litigation. 1 McDonald § 4.36 at 544–45. In the instant case, the plaintiffs failed to show that venue was proper as to any of the defendants under any exception to the general venue statute. Subdivision 29a cannot operate independently; it must act in concert with some other subdivision of the venue statute.

Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942). The plaintiffs have not proven venue to be proper as to any of the defendants according to any of the subdivisions of article 1995. This necessary venue fact not being present, subdivision 29a cannot serve as the basis for venue.

Additionally, the plaintiff must show that the defendant urging his plea of privilege is a necessary party upon the cause of action as to which venue against the codefendant has been established. 1 McDonald § 4.36, 545. A necessary party is one without whose presence no effectual decree could be rendered as between the plaintiff and the defendant. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Tarrant v. Walker, supra; B & C Construction Co. v. Grain Handling Co., 521 S.W.2d 98 (Tex.Civ.App.—Amarillo 1975, no writ); see also, Loop Cold Storage Co. v. South Texas Packers, Inc., 491 S.W.2d 106 (Tex.1973). In the instant case, plaintiffs sued each of the defendants as individuals and as alleged partners. The alleged partnership was not sued. It is noted that the relationship between partners is joint and several, and it is well established that one partner may be sued without joinder of the other partners. Vahlsing, Inc. v. Esco, Ltd., 496 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). In Kott v. Faircloth, 350 S.W.2d 668, 669 (Tex.Civ.App.—Beaumont 1961, no writ) it was stated: "The Commission of Appeals . . . long ago settled the question that causes of action against partners are severable." Full satisfaction for any damages can be had against the other named defendants besides Doctor Key. See Tarrant v. Walker, supra. Thus, it has not been established that Doctor Key is a necessary party within the meaning of subdivision 29a.

For the reasons above stated, Doctor Key's points 1–6 are sustained. The order overruling the plea of privilege is reversed and judgment is rendered ordering the transfer of the plaintiffs' suit as against Doctor Key to the district court of Howard County in accordance with Tex.R.Civ.P. 89.